**LIBERTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Roger C. WINTER and Bernice Winter, Appellees.**

No. 84–1676.

Supreme Court of Iowa.

April 16, 1986.

Rehearing Denied June 16, 1986.

Larry J. Cohrt, of Swisher & Cohrt, Waterloo, for appellant.

Dennis G. Larson, Decorah, for appellees.

Considered by REYNOLDSON, C.J., and HARRIS, McGIVERIN, SCHULTZ and WOLLE, JJ.

WOLLE, Justice.

In April of 1974 plaintiff Roger Winter sustained a work-related injury in a fall on premises controlled by J.I. Case Company (Case). Winter was paid workers' compensation benefits of $20,323.29 by his employer's insurer, Liberty Mutual Insurance Company (Liberty). Winter and his wife subsequently received $30,000 from Case's insurer in settlement of their negligence lawsuit against Case. Liberty brought this action against the Winters pursuant to Iowa Code section 85.22 (1979) to obtain indemnification out of the settlement proceeds. The Winters by answer and counterclaim alleged that Liberty had breached the terms of its workers' compensation insurance contract with Winter's employer, and they claimed to be third-party beneficiaries of that contract. They alleged that Liberty breached the contract by giving Case's insurer a copy of a recorded statement Liberty's adjuster had obtained from Roger Winter. The Winters prayed for two separate forms of relief: (1) that Liberty's action be dismissed on the ground that it had forfeited its right to indemnification by its breach of contract; and (2) that Liberty be adjudged liable to them for $70,000 damages caused by its breach of contract. Following a bench trial the trial court dismissed Liberty's action, finding that Liberty had forfeited its right to indemnity by turning the statement over to Case's insurer. The trial court dismissed the Winters' counterclaim for damages on the ground that they had not carried their burden of proof. We find no merit in either the Winters' forfeiture theory or their damage claim. We therefore reverse and remand with directions.

Liberty filed its petition as a law action to enforce its indemnity rights under Iowa Code section 85.22 (1979). The bench trial was conducted by consent as an action at law. We review not de novo but for correction of errors at law, and the trial court's findings of fact are binding upon us if

supported by substantial evidence. *See Iowa Electric Light & Power Co. v. General Electric Co.,* 352 N.W.2d 231, 234 (Iowa 1984); *Citizens Savings Bank v. Sac City State Bank,* 315 N.W.2d 20, 24 (Iowa 1982); Iowa R.App.P. 4, 14(f)(1).

Although the parties have presented numerous disputed issues of fact and law for our review, we find two issues dispositive and pass the others. First, we conclude that the trial court erred in finding for the Winters on their forfeiture theory; that theory was not supported by the evidence and applicable Iowa law. Second, we conclude that the trial court correctly dismissed the Winters' damage counterclaim on the ground that they had failed to satisfy their burden of proving its essential elements.

I. Because the trial court found for the Winters on their forfeiture theory, we view the facts pertinent to that issue in the light most favorable to them. The trial court could have found from the evidence that Liberty's claims adjuster obtained a recorded statement from Roger Winter ten days after his fall, when he was in pain and awaiting further surgery. The adjuster assured Winters that the statement was needed so Liberty could commence paying workers' compensation benefits. He did not tell the Winters that the tape recording would be transcribed and disclosed to other persons, and he did not furnish them with a copy. Liberty, however, transcribed the statement and furnished a copy to Case's insurer without so informing the Winters.

Roger Winter's deposition was taken three years later in connection with the Winters' negligence action against Case. At that time the attorney defending Case used the transcribed statement in questioning Winter about the circumstances of his fall and injuries. Winter had forgotten that he gave the recorded statement to Liberty's adjuster and was surprised when the attorney questioned him about it. The Winters do not contend that the transcript was inaccurate or contained incorrect information. Rather, they argue that its unauthorized use by Case's attorney embar-

rassed Roger Winter and diminished the settlement value of his lawsuit. Winter testified that he settled for $30,000 rather than some unidentified higher amount (the prayer of the lawsuit was $150,000) because Case's attorney had used the transcribed statement to "put the assumption of risk on me."

Liberty was not a party to the settlement of that lawsuit. A district court judge entered an order in that case placing the amount of Liberty's workers' compensation claim—$20,323.29—in a bank trust account. Thereafter, pretrial proceedings in this action resulted in entry of a partial summary judgment designating $5,080.82 of that fund as a fee for the Winters' attorney and allowing Liberty the balance of $15,242.47, subject to the Winters' breach of contract claims. Liberty's partial summary judgment was set aside only because the trial court found merit in the Winters' forfeiture theory.

The trial court found that when Liberty furnished the transcribed statement to Case's insurer, it violated a duty of good faith and fair dealing owed to Winters and thereby forfeited its statutory right to indemnification from the settlement proceeds. We need not and therefore do not decide whether Liberty owed and violated such a duty. The Winters' forfeiture theory is unsound because the statute does not provide them that relief and we are unwilling to create such a remedy.

■ The several paragraphs of Iowa Code section 85.22 constitute a comprehensive system for allocating the proceeds of a third-party judgment or settlement between the worker and his employer or insurer who has paid workers' compensation. The statute provides the employer or insurer two methods of recovering benefits paid the worker: indemnification with a lien on settlement proceeds pursuant to section 85.22(1); and subrogation pursuant to subsequent subsections. *See American Mutual Liability Insurance Co. v. State Automobile Insurance Association,* 246 Iowa 1294, 1301, 72 N.W.2d 88, 92 (1955). The statute describes with particularity the

reimbursement rights it creates, and it explicitly identifies circumstances which may cause loss of certain of those rights. *See Armour-Dial, Inc. v. Lodge & Shipley Co.,* 334 N.W.2d 142, 144 (Iowa 1983). For example, the employer or insurer may lose its lien on settlement proceeds by failing to give a timely notice of lien pursuant to subsection 85.22(1). *Id.* at 145. Moreover, the right of subrogation against third parties is dependent upon compliance with the separate notice requirement of subsection 85.22(2) through which the employer or insurer must first make demand upon the employee to initiate the action. *Id.* at 146. But the statute contains no provision suggesting that the employer or insurer risks loss of its right of indemnification under circumstances like those shown in this record. Neither do the Winters cite a single case from Iowa or other states recognizing the forfeiture theory they ask us to adopt.

The Winters' forfeiture theory is inconsistent with the plain purpose of Iowa Code section 85.22 to prevent double recovery by the injured worker—compensation in a law action as well as workers' compensation for the same injury. Were we to accept the Winters' theory, Winters might well receive both workers' compensation benefits and full compensation from a third-party tortfeasor even though Liberty's alleged breach of duty caused the Winters no harm.

■ Our refusal to recognize Winters' forfeiture theory does not deprive them of their right to have the court rectify a harmful breach of duty by the employer or workers' compensation insurer. If Liberty did breach a duty owed to them, whether under its contract of insurance or on some other legal theory, the Winters' remedy would be the recovery of damages proximately caused by the breach. This is precisely the cause of action pleaded in the alternative by the Winters in their counterclaim in this action, the issue we next address.

The trial court erred in holding that Liberty forfeited its statutory right to indemnification.

■ II. Winters' counterclaim prayed in the alternative for damages proximately caused by Liberty's breach of contract. The trial court considered and rejected that claim, finding that "they have failed to carry their burden on the counterclaim and it must fail." Winters did have the burden to prove each element of their damage claim. *See* Iowa R.App.P. 14(f)(5). On appeal we will not interfere with the trial court's determination that they failed to sustain their burden of proof unless the evidence established every element as a matter of law. *Whiteaker v. State,* 382 N.W.2d 112, 114 (Iowa 1986); *Anthony v. State,* 374 N.W.2d 662, 664 (Iowa 1985). The evidence was not that overwhelming.

The Winters offered no evidence to support their prayer for $70,000 damages. They argue that their lawsuit against Case was substantially diminished in value because Case's attorney was able to make use of the transcribed statement during Roger Winter's deposition. No lay or expert witness, however, testified about the extent of any damages sustained by the Winters, and Roger Winters himself did not testify how much greater his settlement demand would have been had his recorded statement never been given to Case. The Winters certainly did not prove as a matter of law, as required to overturn the trial court's determination, that they had sustained damages as a result of the alleged breach of contract.

More importantly, the evidence failed to establish as a matter of law, as required in this case, that there was a causal connection between Liberty's alleged breach—furnishing of a truthful reported statement to Case—and the alleged diminution of the settlement value of the lawsuit. When Roger Winter testified that the statement he had given Liberty's adjuster contained no inaccurate information, he completely undercut his lawsuit allegation that furnishing of the statement to Case's insurer had somehow caused him harm. We agree

with the trial court's dismissal of the Winters' damage counterclaim.

Prior to trial of this action, Liberty had obtained partial summary judgment against the Winters for the amount of workers' compensation it had paid to Roger Winter, less an attorney fee for his attorney. That partial summary judgment was vacated only because the trial court erroneously found that Liberty had forfeited its right to reimbursement. We reverse the judgment dismissing plaintiff's action and remand for entry of judgment against the Winters for an amount which will appropriately indemnify Liberty for the workers' compensation it paid, less the undisputed amount owed as an attorney fee.

REVERSED AND REMANDED WITH DIRECTIONS.