Jeffrey L. SHIRLEY, Kathy J. Shirley, and Kathy J. Shirley, As Natural Parent and Next Friend of Cari L. Shirley, Steffanie M. Shirley and Adam J. Shirley, Appellees,

v.

Kenneth H. POTHAST and Volvo/White Truck Corp., Defendants,

Waterloo Chamber of Commerce/Convention Bureau and Aetna Casualty & Surety Company, Intervenors–Appellants.

No. 92–1221.

Supreme Court of Iowa.

Nov. 24, 1993.

Lorraine J. May of Finley, Alt, Smith, Scharnberg & May, P.C., Des Moines, for intervenors-appellants.

Max Kirk and David W. Stamp of Ball, Kirk, Holm & Nardini, P.C., and Curtis J. Klatt, Waterloo, for appellees Shirley.

Steven E. Ort of Bell, Hansen & Ort, P.C., New London, and Fred Haskins, Des Moines, for amicus curiae Iowa Ins. Institute.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

SNELL, Justice.

This dispute concerns the indemnity rights of intervenors, Aetna Casualty & Surety Company and Waterloo Chamber of Commerce ("Aetna"), with respect to a judgment entered in favor of plaintiff, Jeff Shirley, an injured worker, on his third-party tort claim, against defendant, Kenneth Pothast ("Pothast"). Judgment was also entered in favor of plaintiffs, Kathy, Cari, Steffanie, and Adam Shirley, on their claims for lost spousal and parental consortium, against the same defendant. Aetna intervened in the Shirleys' action seeking indemnity from any recovery obtained by Jeff Shirley for workers' compensation benefits paid him by Aetna. Aetna appeals from the district court's judgment. We reverse and remand.

Three issues are raised on appeal. First, Aetna contends the district court lacked the subject matter jurisdiction to enter judgment pursuant to the terms of an offer by Pothast to confess judgment. Second, Aetna contends the district court improperly discharged its statutory lien on the condition that it be reimbursed for the amount of workers' compensation benefits paid up to the date of the district court's order. Third, Aetna contends the district court erred in its allocation of the judgment proceeds among the various plaintiffs.

## I. Scope of Review.

■ Since this case involves a challenge to the trial court's subject matter jurisdiction, our review is at law. *Tigges v. City of Ames,* 356 N.W.2d 503, 512 (Iowa 1984). We are not bound by the trial court's conclusions of law or application of legal principles. *Iowa Fuel & Minerals, Inc. v. Board of Regents,* 471 N.W.2d 859, 862 (Iowa 1991).

## II. Discussion of Facts.

On March 27, 1989, Pothast ran a stop sign and struck Jeff Shirley's vehicle causing him severe injury. The accident occurred while Shirley was in the course of his employment for the Waterloo Chamber of Commerce ("Waterloo Chamber"). Jeff Shirley is receiving workers' compensation benefits. The benefits are paid by Aetna, Waterloo Chamber's insurer. Jeff Shirley commenced a third-party tort action against Pothast. After Jeff Shirley commenced his cause of action, Kathy Shirley and the three Shirley children joined Jeff Shirley's lawsuit alleging claims for lost spousal and parental consortium. Later, Jeff Shirley amended his petition to allege a products liability action against Volvo/White Truck Corporation.

Having paid workers' compensation benefits to Jeff Shirley, Aetna filed a Notice of Lien pursuant to Iowa Code section 85.22(1) (1989).

Pothast and the Shirleys agreed on a settlement of their case for $515,000. Volvo was to contribute $15,000 to the total settlement. Pothast's insurer was to contribute the balance of $500,000. The parties structured the settlement to award Jeff Shirley $170,000 with Kathy Shirley and the children to receive the remaining $345,000. Aetna objected to the structure of the settlement noting that "[t]here seem[ed] to be a clear effort to simply avoid the workers' compensation lien to the detriment of the Employer and Insurance Carrier and in contravention of Iowa Code § 85.22."

The Shirleys then filed a Motion to Adjudicate Law Points and Discharge Lien with the district court. The motion contended Aetna was not entitled to "any payment greater

than one hundred percent of the amount of lien paid to the date of disbursement of funds." The Shirleys sought an order discharging Aetna's lien on the condition Aetna be reimbursed for benefits paid to the date of the court order. They further prayed to be "entitled to the benefit of their settlement" with Pothast.

In its resistance to the Shirleys' motion, Aetna again objected to the structure of the settlement. Moreover, Aetna argued that by discharging the lien upon reimbursement of the benefits paid by them to date, Aetna would lose the "protection of that portion of the ... lien which is represented by future payments and future obligations." Aetna further challenged the subject matter jurisdiction of the district court to resolve the settlement issue.

Aetna notified the Shirleys of the industrial commissioner's willingness to mediate a settlement between the parties in an expedited manner. The Shirleys rejected this proposal, "believ[ing] that there is a way to resolve this matter yet through the District Court...."

Aetna filed an Original Notice and Petition with the industrial commissioner, formally submitting the settlement to the agency for its approval pursuant to Iowa Code section 85.22(3). The Shirleys' answer stated:

> [T]he settlement offered by the third-party herein has now been withdrawn due to the continuing problems with the Section 85.22 lien. It is expected that the Claimant and the third party will proceed to judgment rather than settle the case at this time.

The Shirleys also challenged the subject matter jurisdiction of the industrial commissioner to resolve the controversy. After Pothast withdrew his settlement offer, he tendered to the Shirleys an Offer to Confess Judgment in the amount of $500,000 pursuant to Iowa Code chapter 677 (1991). Pothast offered:

> to allow judgment [to] be taken against him and in favor of Plaintiffs ... in the amount of Five Hundred Thousand ($500,-000.00) Dollars ... provided the following conditions are met:
>
> 1. The Plaintiffs, and each of them, have judgments entered in their respective

favors setting forth which portion of the offered judgment each of the Plaintiffs is entitled to receive, all after such notice and hearing as the Court may prescribe and require in this matter.

> 2. Each of the Plaintiffs ... agree to satisfy his and her respective judgments upon payment by this Defendant of the amount of judgment rendered by the Court.
>
> 3. Plaintiff, Jeffrey L. Shirley, shall be responsible for payment of all liens arising out of his receipt of worker's compensation benefits out of any judgment rendered in his favor by the Court.
>
> 4. Defendant, Kenneth H. Pothast, shall have no liability for payment of any judgments rendered by the court in excess of the $500,000.00 amount offered herein.

Aetna then intervened in the Shirleys' third-party action. Aetna contended the Offer to Confess Judgment tendered by Pothast was tantamount to a settlement and if accepted by the Shirleys required the industrial commissioner's approval to be effective.

The district court in its Findings of Fact, Conclusions of Law, and Judgment on the Shirleys' Motion to Adjudicate Law Points and Discharge Lien, held it possessed subject matter jurisdiction over the proceedings. Moreover, the district court ordered that upon "satisfaction of the amounts thus paid" by Aetna in workers' compensation benefits, Aetna's lien would be discharged. The district court entered judgment in favor of the Shirleys in the amount of $515,000. Jeff Shirley would receive $345,000, Kathy Shirley, $125,000, and each of the three Shirley children, $15,000.

III. *Subject Matter Jurisdiction of the District Court.*

A. *General Principles.*

■ "Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings belong." *Christensen v. Board of Supervisors,* 251 Iowa 1259, 1265, 105 N.W.2d 102, 106 (1960) (quoting *Harvey v. Prall,* 250 Iowa 1111, 1116, 97 N.W.2d 306, 309 (1959)). "Jurisdiction is a statutory matter and can-

not be conferred by consent, waiver, or estoppel." *State v. Ryan,* 351 N.W.2d 186, 187 (Iowa 1984). Challenges to the subject matter jurisdiction of the district court can be raised at any time during the course of the proceedings. *Id.* at 187.

Considering the effect of special jurisdiction, we said in *Groves v. Donohue:*

> [w]here a special statute has placed a particular class of cases in the jurisdiction of the industrial commissioner unless certain conditions precedent are alleged, the district court does not have jurisdiction of the subject matter . . . .

*Groves v. Donohue,* 254 Iowa 412, 422, 118 N.W.2d 65, 70 (1962). *See also Jansen v. Harmon,* 164 N.W.2d 323, 327 (Iowa 1969). By Chapter 85 the legislature removed from the district court's general, original jurisdiction, the power to hear claims involving the "rights and remedies of an injured employee against an employer for industrial injuries" and placed them within the exclusive jurisdictional purview of the industrial commissioner. *Jansen,* 164 N.W.2d at 326.

B. *Settlements and Offers to Confess Judgment.*

"Settlement agreements are by their very nature the voluntary resolution of uncertain claims and defenses." *Wright v. Scott,* 410 N.W.2d 247, 249 (Iowa 1987). Parties have incentive to settle cases in which they are unsure of the outcome of the litigation. *Id.* "The typical settlement resolves uncertain claims and defenses, and the settlement obviates the necessity of further legal proceedings between the settling parties." *Id.*

██ Settlement agreements are essentially contracts. *Waechter v. Aluminum Co. of Am.,* 454 N.W.2d 565, 568 (Iowa 1990). We look to the legal principles applicable to contracts when interpreting settlement agreements. *Id.*

Offers to confess judgment are often equated, without much explanation, to offers of settlement. *See Moore v. Bailey,* 163 N.W.2d 435, 437 (Iowa 1968); *Weaver Constr. Co. v. Heitland,* 348 N.W.2d 230, 233 (Iowa 1968); *Weaver Constr. Co. v. Heitland,* 348 N.W.2d 230, 233 (Iowa 1984); 12 Charles

A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3001, at 56 (1973). Under Iowa law, defendants may tender offers to confess judgment before or after the commencement of a cause of action. Iowa Code §§ 677.1, 677.4, 677.7. If an offer to confess judgment is accepted by a plaintiff, judgment on the cause of action is entered by the court. *Id.* § 677.8. If the offer is rejected, the plaintiff must obtain a judgment for an amount more than was offered by the defendant, or be forced to pay the defendant's costs incurred since the time of the offer. *Id.* §§ 677.7, 677.10.

The purpose of chapter 677 is to "encourage early settlements and discourage unnecessary and costly litigation." *Weaver Constr.,* 348 N.W.2d at 233. *See also Sheer Constr., Inc. v. W. Hodgman and Sons, Inc.,* 326 N.W.2d 328, 333 (Iowa 1982); *Moore,* 163 N.W.2d at 437; Charles W. Joiner, *Determination of Controversies Without a Factual Trial,* 32 Iowa L.Rev. 417, 431–34 (1947); Mark S. Cady, *Curbing Litigation Abuse and Misuse: A Judicial Approach,* 36 Drake L.Rev. 483, 525–29 (1987).

C. *Arguments and Legal Theories of Parties.*

Aetna argues the district court lacked the subject matter jurisdiction to enter judgment pursuant to the terms of Pothast's offer to confess judgment. Aetna claims the entry of judgment pursuant to the terms of the offer to confess judgment was tantamount to a settlement of the controversy.

Aetna contends this issue is controlled by our decision in *Mata v. Clarion Farmers Elevator Coop.,* 380 N.W.2d 425 (Iowa 1986). The facts in *Mata* are similar to the facts in the case at bar with one exception. In *Mata* the plaintiff/workers' compensation claimant dismissed with prejudice his cause of action against the third party tortfeasor. *Id.* at 426. The third-party tortfeasor then "settled" the consortium claims for $50,000 with Mata as representative of the consortium claimants. *Id.* at 427. We held Mata's dismissal of his workers' compensation claim against the third party tortfeasor was "tantamount to a settlement under section 85.-22(3)." *Id.* at 428.

Aetna contends that in these types of cases an employer/insurer's right of indemnity could always be subverted by resort to the offer to confess judgment mechanism. The third party defendant/tortfeasor could simply pay the family members for loss of consortium and offer to confess judgment with respect to the claims. By doing so, the plaintiffs would only reimburse the indemnitor for the damages received in the name of the injured worker, whose recovery is subject to the lien for workers' compensation payments.

Aetna contends such a result contravenes the purpose of section 85.22(3) as announced in *Liberty Mutual Insurance Co. v. Winter*, namely, "to prevent double recovery by the injured worker—compensation in a law action as well as workers' compensation for the same injury." *Liberty Mut. Ins. Co. v. Winter*, 385 N.W.2d 529, 532 (Iowa 1986).

In contrast, the Shirleys contend the district court judgment was an "adjudication of the rights of the parties." In support of this proposition, the Shirleys note the offer to confess judgment tendered by Pothast did not purport to allocate the judgment proceeds among the plaintiffs. The district court took this step on its own volition after hearing testimony regarding damages from both Jeff Shirley and Kathy Shirley. According to the Shirleys, this was a judgment, not a settlement and the approval of the industrial commissioner was not required to give it effect.

The Shirleys further contend *Mata* can be distinguished from the case at bar. *Mata*, the Shirleys argue, involved an injured worker trying to avoid entirely the lien of the workers' compensation carrier.

Finally, the Shirleys ask the rhetorical question, "What would the industrial commissioner do differently than the court did?" They assert the industrial commissioner could not apportion the proceeds of the "judgment/settlement" because it would be exercising jurisdiction over the consortium claims—jurisdiction it does not have.

D. *Analysis.*

■■ As a preliminary matter, we note the district court initially properly exercised original jurisdiction over all three claims involved in this lawsuit. The district court possessed subject matter jurisdiction over Jeff Shirley's common law tort claim against Pothast. *See Jansen*, 164 N.W.2d at 326–28. Moreover, the district court possessed subject matter jurisdiction over the consortium claims. *Id.* at 324–25. Finally, the district court properly exercised subject matter jurisdiction over the indemnity claim of Aetna. *See Fisher v. Keller Indus., Inc.*, 485 N.W.2d 626, 628 (Iowa 1992). However, we believe the judgment entered by the district court pursuant to the terms of Pothast's offer to confess judgment was tantamount to a settlement.

The district court attempted to distinguish its judgment from a settlement by characterizing it as an "adjudication of the rights of the parties." It is true that the effect of entering judgment constitutes a final adjudication of the rights of the parties to an action. Iowa R.Civ.P. 219; *Giltner v. Stark*, 252 N.W.2d 743, 745 (Iowa 1977). Although judgment is entered, and does constitute the final adjudication of the rights of the parties, the disputed issues which comprise the controversy are settled, not actually litigated.

Pothast, prior to offering to confess judgment, offered to voluntarily settle his dispute with the Shirleys for $500,000—the limits of his liability insurance policy. When Aetna refused to consent to this settlement, Pothast tendered an offer to confess judgment to the Shirleys in the same amount. The judgment entered pursuant to the offer to confess judgment possessed all the qualities of a settlement. It saved the parties from actually litigating the issue of Pothast's total liability to Jeff Shirley. The only issue actually litigated by the court was the proper allocation of the judgment proceeds among the plaintiffs.

In *Mata*, this court held a party's dismissal of a cause of action constituted a settlement of that action. *Mata*, 380 N.W.2d at 428. To hold to the contrary, we stated, would undermine the legislative plan for the reimbursement of employer/insurers set forth in section 85.22. *Id.* Like the ploy of "dismissing" a third-party action rejected in *Mata*, allowing the use of offers to confess judgment to

dispose of cases presents the same risks recognized in *Mata.* An employer/insurer's right of indemnity could always be subverted by the third party simply paying the family members for lost consortium and then offering to confess judgment on the claims. *See id.* at 429.

Finally, the Shirleys ask us to consider what the industrial commissioner would do differently in this case. We said in *Liberty Mutual Insurance Co. v. Winter,* section 85.22 "constitute[s] a comprehensive system for allocating the proceeds of a third-party judgment or settlement between the worker and his employer or insurer who has paid workers' compensation." *Liberty Mut. Ins. Co. v. Winter,* 385 N.W.2d at 531. The plain purpose of section 85.22 is to "prevent double recovery by the injured worker—compensation in a law action as well as workers' compensation for the same injury." *Id.* at 532. The legislature expressly entrusted to the industrial commissioner the responsibility to protect the rights of employers, insurers, and employees from unfair and inadequate settlements of claims. Iowa Code § 85.22(3).

> [C]ourts will not determine a controversy involving a question which is within the jurisdiction of an administrative tribunal ... prior to the solution of that question by the administrative tribunal (1) where the question demands the exercise of administrative discretion requiring the specialized knowledge, experience and services of the administrative tribunal, ... and (3) where a uniformity of ruling is essential to comply with the purposes of the regulatory statute administered.

*Northwestern Bell Tel. Co. v. Hawkeye State Tel. Co.,* 165 N.W.2d 771, 776 (Iowa 1969). The legislature required the approval of the industrial commissioner before any third party settlement involving a workers' compensation claimant becomes effective. Iowa Code § 85.22(3). To allow litigants and their attorneys to forum shop inevitably would lead to a lack of uniformity in recoveries by workers' compensation carriers. It would also lead us astray from one of the purposes of the regulatory statute—the prevention of double recovery by a plaintiff/workers' compensation claimant.

The district court lacked the subject matter jurisdiction to enter judgment pursuant to Pothast's offer to confess judgment. The judgment of the district court therefore is vacated.

## IV. *Discharge of Aetna's Statutory Lien.*

### A. *Discussion of Law.*

■ Section 85.22(1) provides in relevant part:

> If compensation is paid the employee ... under this chapter, the employer ... or the employer's insurer which paid it, shall be indemnified out of the recovery of damages to the extent of the payment so made, ... and shall have a lien on the claim for such recovery and the judgment thereon for the compensation for which the employer or insurer is liable.

Iowa Code § 85.22(1).

"[A] lien is a charge upon property for the payment of a particular obligation that is independent of the lien." *Armour–Dial, Inc. v. Lodge & Shipley Co.,* 334 N.W.2d 142, 145 (Iowa 1983). The obligation secured by a section 85.22(1) lien is the "right of indemnification, the right to recover." *Id.* Under section 85.22(1), "[t]he lien is incident to and dependent upon the right of the employer to recover, but the right to recover provided by indemnification is not dependent upon the lien." *Id.* Thus, the "failure of the lien does not prevent recovery on the obligation." *Id.* The right to indemnification exists independently, even "without the security the lien provides." *Id.*

### B. *Legal Theories and Arguments of Parties.*

Aetna contends the district court erred in ordering its lien be discharged on the condition Aetna is reimbursed for all workers' compensation benefits paid to date. Aetna argues the lien should provide security not only for benefits paid, but also for any future benefit payments Aetna might make.

Aetna contends this court's decision in *Fisher v. Keller Industries* is not dispositive of this issue. It argues *Fisher* concerned an indemnitor's entitlement to a credit for fu-

ture payments. According to Aetna "credits" and "liens" are not the same.

The Shirleys, on the other hand, contend *Fisher* controls this issue. The Shirleys note that in *Fisher* we held section 85.22(1) "makes no provision for a credit to the employer or worker's compensation insurance carrier against benefits that will be paid in the future." *See Fisher*, 485 N.W.2d at 630. The Shirleys contend this holding disposes of the issue of a right to indemnity for workers' compensation benefits to be paid in the future. The Shirleys also note that section 85.22(1) does not expressly provide that an indemnitor's lien applies to workers' compensation payments it might make in the future. The Shirleys contend that if the legislature intended for the lien to apply to future payments it could have specifically so stated.

## C. *Analysis.*

In *Fisher*, we held:

> Iowa Code section 85.22(1) makes no provision for a credit to the employer or worker's compensation insurance carrier against benefits that will be paid in the future. This is in sharp contrast with Iowa Code section 85.22(2), which makes a specific allowance for future worker's compensation benefits.

*Fisher*, 485 N.W.2d at 630. *Fisher* is distinguishable from the instant case. Both *Fisher* and the case at bar dealt with indemnity rights rather than subrogation rights. However, *Fisher* dealt with an indemnitor's entitlement to a credit against benefits to be paid in the future. *Id.* The case at bar deals with an indemnitor's entitlement to a lien securing its right to indemnity for benefits to be paid in the future.

In *Fisher* we used the contrasting language between section 85.22(1), providing for indemnity rights, and section 85.22(2), providing for subrogation rights, to make the point that section 85.22(1) does not provide indemnitors with a *credit* for payments it is to make in the future. *Id.* Section 85.22(2), however, does so provide, as follows:

> In case of recovery, the court shall enter judgment for distribution of the proceeds thereof as follows:

> *a.* A sum sufficient to repay the employer for the amount of compensation actually paid by the employer to that time.

> *b.* A sum sufficient to pay the employer the present worth ... of the future payments of compensation for which the employer is liable, but the sum is not a final adjudication of the future payments which the employee is entitled to receive....

Iowa Code § 85.22(2).

The "credit" referred to in *Fisher* is the sum described in section 85.22(2)(b). A "credit," thus, as contemplated by section 85.22, is an entitlement to an immediate recovery which is added to the total amount of recovery of a subrogor.

In contrast, a section 85.22(1) lien merely provides security for reimbursement on benefits for which an indemnitor "is liable." Iowa Code § 85.22(1). Section 85.22(1) does not guarantee an indemnitor any immediate recovery (a "credit") on future payments it will make. However, it does provide indemnitors with a lien to secure reimbursement. We believe this lien provides security for "all payments, even those made to satisfy the carrier's periodically-accruing liability after the disposition of the action against the third person...." *Liberty Mut. Ins. Co. v. Weeks*, 404 A.2d 1006, 1012 (Me.1979).

To hold otherwise would give rise to two problems. First, it would make the date of a third party settlement determinative of the extent of an indemnitor's lien. *See Bilodeau v. Oliver Stores, Inc.*, 116 N.H. 83, 352 A.2d 741, 744 (1976). We agree with the New Hampshire Supreme Court that "[i]t seems unlikely that the legislature intended to make the final distribution of the proceeds of a third party recovery or settlement hinge on such a fortuitous factor." *Id.*

Moreover, we believe to hold differently would frustrate the dual purposes of the statute—to prevent double recovery by the injured worker and to secure total reimbursement for the employer/insurer out of the proceeds of recoveries made against third persons. *See Liberty Mut. Ins. Co. v. Winter*, 385 N.W.2d at 532; *Mata*, 380 N.W.2d at 428; *see also Sourbier v. State*, 498 N.W.2d 720, 723–24 (Iowa 1993); *Liberty Mut. Ins.*

*Co. v. Weeks*, 404 A.2d at 1012. The language of section 85.22(1) provides employers/insurers a lien securing reimbursement for benefit payments they may make in the future.

## V. *Conclusion.*

The district court lacked subject matter jurisdiction to enter judgment pursuant to Pothast's offer to confess judgment. It was also error to discharge the lien of Aetna on the condition Aetna is reimbursed for benefits paid to the date of the court order. The decision of the district court is reversed, the judgment vacated, and the case is remanded to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.