Jim CHRISTENSEN, Appellee,

v.

**POCKET LOUNGE, INC., and United Fire and Casualty, Appellants.**

No. 93–656.

Supreme Court of Iowa.

July 27, 1994.

Rehearing Denied Sept. 21, 1994.

Timothy W. Hamann and Kellyann M. Lekar of Clark, Butler, Walsh & McGivern, Waterloo, for appellants.

C.A. Frerichs and Robert D. Fulton of Fulton, Frerichs, Martin & Andres, P.C., Waterloo, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

This appeal stems from plaintiff Jim Christensen's effort to have a workers' compensation lien declared invalid. The question is whether Iowa Code section 85.22(1) (1993) gives a workers' compensation insurer lien rights on an employee's recovery from third-party tortfeasors to secure reimbursement for benefits payable in the future. The district court, believing the lien could not apply to benefits not yet paid, entered declaratory judgment for Christensen. Because the ruling conflicts with our decision in *Shirley v. Pothast,* 508 N.W.2d 712 (Iowa 1993), we reverse and remand.

The facts are largely undisputed. Christensen owns defendant Pocket Lounge and is also employed there on occasion as a bartender. While tending bar he was injured in

an attempt to evict a drunken patron. Christensen claimed workers' compensation benefits and also brought a tort action against the patron and a dramshop that had served the patron alcohol earlier in the evening.

Pocket Lounge and its workers' compensation carrier, United Fire and Casualty Company,[1] contested Christensen's entitlement to workers' compensation benefits. United filed notice of a workers' compensation lien, pursuant to Iowa Code section 85.22(1), against any potential recovery by Christensen from the third-party tortfeasors. Upon Christensen's subsequent petition for arbitration of the benefits dispute, the deputy industrial commissioner ruled he was entitled to healing period and permanent partial disability benefits as well as past medical benefits. United appealed the deputy's ruling to the industrial commissioner.

While United's administrative appeal was pending, Christensen settled his suit with both third-party tortfeasors. He then filed a motion to quash United's notice of lien on the ground the carrier had made no benefit payments by the time of settlement. He later incorporated his theory in a petition for declaratory judgment, requesting the court to find that because no payments had been made, United could enforce no lien or indemnification rights against his settlement recovery. In its answer to the petition, United admitted that no benefits had yet been paid. Christensen thereafter moved for summary judgment, alleging that the statutory lien was invalid as a matter of law.

The district court ruled in Christensen's favor. Relying on this court's decision in *Fisher v. Keller Industries, Inc.*, 485 N.W.2d 626 (Iowa 1992), the court ruled that Iowa Code section 85.22(1) grants the workers' compensation carrier a lien with respect to payments "so made," but not against payments it may be liable for in the future. It is from this ruling that United appeals.

As we noted at the outset, our decision is guided by *Shirley v. Pothast*, 508 N.W.2d at 712, an opinion postdating *Keller* and filed while this appeal has been pending. In *Shir-*

*ley*, the plaintiff received workers' compensation benefits for injuries sustained in a work-related automobile collision. The insurer filed notice of a lien under section 85.22(1). Plaintiff moved to discharge the lien, contending that the insurer was not entitled to an amount greater than benefits paid to the date of settlement disbursement by the third-party tortfeasors. *Shirley*, 508 N.W.2d at 713–14. The insurer resisted the motion, arguing that if the lien were discharged, it would lose the security of that portion of the lien representing future payments and obligations. *Id.* at 714. The district court, relying on *Fisher*, discharged the lien upon satisfaction of benefit amounts "thus paid." *Shirley*, 508 N.W.2d at 714.

We reversed on appeal, distinguishing *Fisher* on the ground that it dealt with an indemnitor's claimed right to a *credit* for future benefits whereas the insurer in *Shirley* asserted rights to a *lien* securing future benefits. *Id.* at 718. We determined that while section 85.22(1) does not guarantee an indemnitor any immediate credit for future payments, it does provide security for reimbursement of benefits for which an indemnitor "is liable." *Id.* Because the indemnitor is liable for prospective benefits, we held that section 85.22(1) provides "a lien securing reimbursement for benefit payments [it] may make in the future." *Id.* at 719.

As in *Shirley*, United asserts its right to a lien, not a credit, to secure reimbursement for benefit payments it has yet to make. Christensen nevertheless claims, in response to United's appeal, that *Shirley* has no application because here the insurer has as yet made *no* payments. We find that factual distinction, however, irrelevant to the issue before us.

United's liability for compensation payments arose shortly after Christensen's injury occurred. *See* Iowa Code § 85.32 (with limited exception, compensation begins on fourth day of disability after injury); Iowa Code § 85.30 (weekly compensation begins eleventh day after injury; if not paid when

---

1. For simplicity, we will refer to Pocket Lounge and the carrier collectively as "United" throughout this opinion.

due, employee entitled to interest thereon); *Farmers Elev. Co. v. Manning*, 286 N.W.2d 174, 180 (Iowa 1979) (section 85.30 evinces legislative intent to secure compensation to injured employee at earliest possible time). United's decision to contest liability did not alter its statutory obligation to make the payments when due. *See Farmers*, 286 N.W.2d at 180 (potential for lengthy delay between injury and final resolution of claim justifies need for interest as incentive to prompt payment); *Teel v. McCord*, 394 N.W.2d 405, 407 (Iowa 1986) (same). The deputy industrial commissioner ultimately found United's claims unmeritorious and ordered it to pay Christensen accrued compensation benefits with interest. Despite the pendency of an appeal of that decision at the time of settlement, United's potential liability to Christensen had already been fixed by virtue of its statutory obligations and the deputy's ruling. *See Shirley*, 508 N.W.2d at 718 (legislature did not intend date of third-party settlement to determine extent of lien).

By its terms, the lien authorized by section 85.22(1) provides security for payment of benefits for which an indemnitor "is liable," whether such benefits have already been distributed or have yet to be paid. Thus United's notice of lien was valid to secure reimbursement, from any settlement recovery, for future workers' compensation benefits ultimately made to Christensen. The district court's ruling to the contrary must be reversed and this case remanded for entry of judgment consistent herewith.

**REVERSED AND REMANDED.**