**Sandra Kay ALLEN, Individually and as Executor of the Estate of Thomas F. Allen, Appellant,**

v.

**ALLEN WATER AND WASTEWATER ENGINEERING, INC., and Kemper Insurance Company, Appellees.**

No. 94–1376.

Supreme Court of Iowa.

June 19, 1996.

Roger W. Stone of Simmons, Perrine, Albright & Ellwood, P.L.C., Cedar Rapids, for appellant.

Craig A. Levien and Jean Dickson Feeney of Betty, Neuman & McMahon, L.L.P., Davenport, for appellees.

Considered by McGIVERIN, C.J., and LAVORATO, SNELL, ANDREASEN, and TERNUS, JJ.

McGIVERIN, Chief Justice.

The issue before us on further review is whether the district court or the industrial commissioner must decide an issue involving an indemnification amount in this workers' compensation case. The district court and court of appeals concluded the amount of indemnity to which the insurer was entitled is a question of fact and, therefore, the case must be remanded to the industrial commissioner for resolution. We affirm.

I. *Background facts and proceedings.* Petitioner Sandra Kay Allen (Allen) is the surviving spouse of Thomas Allen, a professional engineer and late president and an employee of Allen Water and Wastewater Engineering, Inc. (Wastewater). Thomas was killed in an automobile accident (in which Allen was a passenger) on January 13, 1990. Wastewater's workers' compensation insurer was Kemper Insurance Company.

After the accident, the estate of Thomas Allen brought a third-party wrongful death action against the negligent tortfeasors whose vehicle struck the Allen vehicle and caused the death of Thomas Allen. The estate received a settlement of $70,000 from the tortfeasors' automobile insurers in the wrongful death action.

Apart from the wrongful death settlement, Allen sought and was denied workers' compensation benefits from Kemper for her husband's death. Thereafter, Allen filed a claim for workers' compensation death benefits, *see* Iowa Code § 85.31 (1993), with the Iowa industrial commissioner's office against the employer, Wastewater, and its insurer, Kemper.

per. In March 1993, after litigating the disputed claim, Allen was awarded death benefits arising out of the work-related death of her husband.

At the arbitration hearing on Allen's workers' compensation claim, Kemper asserted its indemnity rights, for any sums it would have to pay Allen, under Iowa Code section 85.22(1) (1993) from the $70,000 recovery Thomas' estate received from the tortfeasors.[1] Allen agreed that statute created such rights as claimed by Kemper. Allen and Kemper only disputed the amount of indemnity Kemper was entitled to in the event it was ordered to pay Allen benefits.[2]

Relying on our decision in *Fisher v. Keller Industries, Inc.,* 485 N.W.2d 626 (Iowa 1992), the industrial commissioner believed that Kemper had no indemnity rights under section 85.22(1) for benefits not yet paid and, therefore, denied Kemper's request for indemnification from the proceeds of Thomas' estate's wrongful death settlement. Based on this conclusion, the commissioner did not decide the amount of Kemper's indemnity entitlement. The commissioner also made other rulings not challenged on this appeal.

Both Allen and Kemper filed petitions in district court for judicial review of the commissioner's decision. *See* Iowa Code §§ 17A.19, 86.26 (1993). The district court reversed the commissioner's ruling that denied Kemper's request for indemnification. Relying on our decision in *Shirley v. Pothast,* 508 N.W.2d 712 (Iowa 1993), the court concluded Kemper was entitled to indemnity but did not specify the amount. The court remanded the case to the industrial commissioner for a determination of the amount of indemnity to which Kemper was entitled. Stated another way, the court remanded the case with instructions for the commissioner to determine the value of Kemper's indemnity entitlement that it held existed.

1. Section 85.22(1) provides in pertinent part:
   If compensation is paid the employee ... under [chapter 85], the employer by whom the same was paid, or the employer's insurer which paid it, shall be indemnified out of the recovery of damages to the extent of the payment so made, with legal interest, except for such attorney fees as may be allowed, by the

district court, to the injured employee's attorney....

2. In post hearing briefs to the commissioner, Allen contended Kemper was entitled to $24,719.93 in indemnity while Kemper contended it was entitled to $48,546.41.

Allen appealed the district court's decision. *See* Iowa Code § 17A.20; Iowa R.App.P. 1. We transferred Allen's appeal to the court of appeals. *See* Iowa Code § 602.4102(2). That court affirmed the decision of the district court.

We granted Allen's application for further review. *See id.* § 602.4102(4). We review the district court's legal conclusions for correction of errors at law. Iowa R.App.P. 4.

On further review, Allen contends the decisions of the district court and court of appeals to remand the case to the industrial commissioner to determine the value of Kemper's indemnity entitlement, under Iowa Code section 85.22(1), must be reversed, based on language in *Thomas v. Hansen,* 524 N.W.2d 145 (Iowa 1994). Allen contends the present case, instead, should have been remanded to the district court to determine Kemper's indemnity amount.

In sum, Allen does not dispute the district court and court of appeals conclusion that Kemper has indemnity rights inherent under section 85.22(1); she disputes, however, that the industrial commissioner is the proper tribunal to decide the amount of Kemper's indemnity entitlement.

In its resistance to Allen's application for further review, Kemper contends the district court and court of appeals were correct to remand the case to the industrial commissioner to determine the amount of Kemper's indemnity entitlement. Without expressing its view on the relevance of the *Thomas* case relied on by Allen, Kemper simply contends the issue presents a question of fact to be determined by the agency, not the district court, where the indemnity claim first arose.

As we believe the court of appeals and district court decisions are not in conflict with the *Thomas* case or any established Iowa law, we affirm the remand of the case to the industrial commissioner to set the amount of Kemper's workers' compensation indemnity entitlement.

■ II. *Indemnity under Iowa Code section 85.22(1).* In administrative actions, such as the present workers' compensation case, it is generally accepted that questions of fact are to be resolved by the agency and are given substantial weight on judicial and other appellate review. *See Bearce v. FMC Corp.,* 465 N.W.2d 531, 534 (Iowa 1991). Allen apparently does not dispute Kemper's belief that the *amount* of indemnity, as opposed to a *right* to indemnity, under Iowa Code section 85.22(1), is a question of fact. Allen's argument on further review rests on one sentence in our *Thomas* decision in which we stated the following: "Indeed it is always for the court, not the agency, to determine matters of indemnity." *Thomas,* 524 N.W.2d at 148.

If viewed in isolation, this statement would appear to support Allen's contention that we should remand the present case to the district court, as opposed to the commissioner. After further analysis of the *Thomas* case, however, it is clear to us that Allen has taken the statement out of context and the holding of the *Thomas* decision does not support Allen's argument for remand to the district court.

A. *Thomas v. Hansen.* In *Thomas,* petitioner Edward Thomas, an electrician employed by Leo Morgan, sustained injuries while working under a construction contract at Iowa Beef Products, Inc. (IBP). *Id.* at 146. Thomas sought tort damages from IBP as a result of his injuries. *Id.* at 148. At some point, Thomas and IBP agreed to settle the tort claim. In addition to Thomas' tort claim against IBP, he sought workers' compensation benefits for his injury from Hansen & Sons Welding, a construction company involved in a joint venture with Thomas' employer (who carried no workers' compensation insurance) at the time of the accident. Hansen denied Thomas' claim for benefits and the case proceeded to an arbitration hearing.

During the workers' compensation litigation, Thomas presented the proposed settlement with IBP to the industrial commissioner for approval. Along with the settlement proposal, Thomas contended Hansen was not entitled to indemnity (in the event the agency awarded him workers' compensation benefits) under Iowa Code section 85.22(1) from the IBP settlement because Hansen had not yet paid him any workers' compensation ben-

efits. *Id.* at 147. In granting approval of the settlement, the commissioner rejected Thomas' indemnity argument and ruled that Hansen was entitled to indemnity from the proceeds of the IBP settlement. *Id.* at 147–48.

On judicial review, Hansen contended Thomas' application to the commissioner to approve his settlement with IBP (to which Thomas' original request for an order denying indemnity to Hansen was attached) was a petition for a declaratory ruling that became final as Thomas did not appeal it within thirty days. *Id.* at 148. The district court rejected Thomas' argument and concluded it could consider the issue of Hansen's *right* to indemnity on judicial review. We affirmed on the grounds that the commissioner's approval of the settlement was not a final agency action and, therefore, Thomas had no reason to appeal that order within thirty days.

In so ruling, we stated that "it is always for the court, not the agency, to determine matters of indemnity. *Fisher v. Keller Indus., Inc.,* 485 N.W.2d 626, 628 (Iowa 1992)." *Thomas,* 524 N.W.2d at 148. We then concluded "[t]he district court was correct in holding the indemnity question was not time barred and was for its determination." *Id.*

B. *Analysis.* Read in the context of the facts of *Thomas,* we do not believe the above conclusions precluded the district court and the court of appeals in the present case from remanding the case to the industrial commissioner for a determination of the *amount* of Kemper's indemnity entitlement. In *Thomas,* at issue was a party's *right* to indemnity under Iowa Code section 85.22(1), not what the proper *amount* of that indemnity, if granted, should be. We believe the former issue is a question of law and the latter issue is a question of fact.

In addition to the *Thomas* procedural and factual situation involving the district court's determination of a party's *right* to indemnity, indemnity issues are frequently raised or plead by claimants and insurers in the following ways: (1) before the agency to determine an insurer's *right* to and *amount* of indemnity, (2) before the agency to determine only the *amount* of indemnity, or (3) before the

district court as an original action (not judicial review) by a party or intervenor to enforce or defend against claimed indemnity rights.

■ In cases involving *right* to and *amount* of indemnity, certainly the commissioner has the authority to resolve the section 85.22(1) issues presented. *Cf.* Iowa Code § 17A.16(1) ("A proposed or final decision or order [by an agency] in a contested case ... shall include findings of fact and conclusions of law, separately stated. Findings of fact ... shall be accompanied by a concise and explicit statement of underlying facts supporting the findings."); *id.* § 86.39 ("All fees or claims for ... services rendered under [workers' compensation statutes] are subject to the approval of the industrial commissioner, and *no lien for such service is enforceable without the approval of the amount of the lien by the industrial commissioner.*" (emphasis added)); *Beier Glass Co. v. Brundige,* 329 N.W.2d 280, 282 (Iowa 1983) ("The commissioner's determination of a question of law is entitled to careful consideration, but is subject to [appellate] review."). On judicial review, the district court need not give *complete* deference to the agency's interpretation of section 85.22(1) and its conclusions of law concerning an insurer's *right* to indemnity. *See Thomas,* 524 N.W.2d at 148. *But see Second Injury Fund v. Bergeson,* 526 N.W.2d 543, 549 (Iowa 1995) ("We give deference to an interpretation by the industrial commissioner when construing workers' compensation statutes."). On the issue of *amount* of indemnity, a question of fact, the district court must affirm the commissioner's findings if supported by substantial evidence. *See Bearce,* 465 N.W.2d at 534. In these situations, the agency is the fact finder and the district court sits as an appellate body for judicial review purposes. *See id.; accord Winnebago Indus. v. Smith,* 548 N.W.2d 582, 584 (Iowa 1996).

In cases involving independent actions filed in district court by a party or intervenor who seeks to enforce or defend against claimed indemnity rights, the district court presides over the action as a trial court to decide both questions of fact and questions of law. *See Fisher,* 485 N.W.2d at 628 ("Dis-

putes over the amount or validity of the right to indemnification have consistently [but not exclusively] been raised in district court."); *accord Christensen v. Pocket Lounge, Inc.*, 519 N.W.2d 401, 401–02 (Iowa 1994); *Shirley*, 508 N.W.2d at 713; *March v. Pekin Ins. Co.*, 465 N.W.2d 852, 853 (Iowa 1991); *Liberty Mut. Ins. Co. v. Winter*, 385 N.W.2d 529, 530 (Iowa 1986); *Farris v. General Growth Dev. Corp.*, 381 N.W.2d 625, 626 (Iowa 1986); *Armour–Dial, Inc. v. Lodge & Shipley Co.*, 334 N.W.2d 142, 143 (Iowa 1983). In such cases, there is no agency fact finder and no judicial review process and, therefore, remand to the district court is the only jurisdictional possibility.

The present case does not involve such a scenario. Rather, this case was originally presented by Allen and Kemper to an agency fact finder on several issues, including the amount of Kemper's indemnity entitlement. Although the case was not presented to the commissioner as a "right to indemnity" case (as both parties apparently agreed the right existed), the commissioner's final decision converted the dispute into such a case. The commissioner also did not find the amount of indemnification that might be due to Kemper.

The district court's involvement in the present case, unlike its role in *Christensen, Shirley, Fisher* and many other cases, was that of an appellate body (not a fact finder) to review the agency's findings of fact pursuant to the substantial evidence standard of Iowa Code section 17A.19(8)(f). Since the district court was not the fact finder, we will not remand the case to that tribunal to determine the *amount* of Kemper's indemnity entitlement (which entitlement both parties now agree exists). Unlike in the *Thomas* case, Kemper's *right* to indemnity is not questioned on further review.

III. *Disposition.* We affirm the judgment of the district court and the court of appeals decision to remand the present case to the industrial commissioner to determine the amount of Kemper's indemnity entitlement in further appropriate proceedings, including the receipt of any necessary evidence.[3] After making this determination, the commissioner is instructed to enter an order accordingly. From this final agency action, either party has the right to seek judicial review before the district court pursuant to Iowa Code section 17A.19.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

---

**3.** On remand, the scope of the commissioner's review is circumscribed. *Winnebago*, 548 N.W.2d at 584.

The lower tribunal must conform to any instructions contained in the reviewing court's remand order and not exceed the scope of the remand. Thus, a remand order directing the commission to make findings of fact with regard to a specified issue, and to take any new evidence relevant to the issue, is not a direction to conduct a hearing de novo, and the commission may properly limit a witness's testimony on remand to matters as to which the witness has not previously testified. *Id.* at 584 (quoting 82 Am.Jur.2d *Workers' Compensation* § 720 (1992) (footnotes omitted)).