Craig EWING, Appellee,

v.

**ALLIED CONSTRUCTION SERVICES,
and Allied Group, Appellants.**

**No. 97–2086.**

Supreme Court of Iowa.

April 28, 1999.

Thomas J. Logan and Anne L. Clark of Hopkins & Huebner, P.C., Des Moines, for appellants.

David D. Drake of Lawyer, Lawyer, Dutton & Drake, West Des Moines, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and CADY, JJ.

HARRIS, Justice.

A severely injured employee received workers' compensation benefits. He also

brought an action against a third party for his injuries and received a favorable settlement. The injured worker's dispute here is with his employer's workers' compensation insurer. It concerns the manner of allowing for the employee's attorney fees, those earned in the third-party suit, when calculating future workers' compensation benefits. The insurer holds a statutory lien on the proceeds of the third-party recovery, subject to the obligation to pay its share of the attorney fees required for that recovery. The district court, reversing a contrary determination by the industrial commissioner, determined the attorney fees should be accommodated periodically, as the future benefits come due and are paid. We affirm.

The facts are stipulated. In 1989 Craig Ewing sustained severe and permanent injuries as a part of his employment by defendant Allied Construction Services.[1] After receiving substantial workers' compensation and medical benefits, Ewing brought a third-party action against the parties whose negligence caused his injuries. The third parties paid $750,000 in settlement.

Prior to the third-party settlement, Allied had paid Ewing healing period and permanency benefits and necessary medical care totaling $195,435.47. Under Iowa Code section 85.22(1) (1993) Allied was entitled to be reimbursed out of the third-party recovery. *See Shirley v. Pothast,* 508 N.W.2d 712, 718 (Iowa 1993); *Christensen v. Pocket Lounge, Inc.,* 519 N.W.2d 401, 403 (Iowa 1994). Entitlement is subject to Allied's obligation to pay its proportionate share of the $250,000 contingent attorney fees Ewing had paid his attorneys and its proportionate share of the $17,945.25 in administrative expenses that had been expended pursuing the third-party suit. *Ahlers v. EMCASCO Ins. Co.,* 548 N.W.2d 892, 894 (Iowa 1996). A net of $126,392.60 was accordingly paid to Allied.

The foregoing background is only prologue; the present dispute concerns only future benefits. After the foregoing settlement, Allied continued making weekly workers' compensation payments which to-

taled $8756.13 and medical payments totaling $561.91. The weekly payments and medical payments continued until we filed our opinion in *Shirley,* at which time Allied stopped making payments, claiming its lien against Ewing's third-party recovery under the *Shirley* decision and Iowa Code section 85.22(1). The parties agree on the validity of the lien and also agree that, if it were not for the lien derived from the third-party settlement, Ewing would be entitled to and would be receiving weekly compensation benefits up to and through the time of trial. The industrial commissioner allowed Allied to offset every dollar of its future obligations to Ewing in view of his third-party recovery, without requiring an adjustment to reflect his payment of the contingent attorney fees. The disputed question is whether such an adjustment should have been required. The district court stated the issue as follows:

> The only dispute between the parties that this court is asked to resolve is the method by which the distribution of the respondents' lien should proceed in light of respondent's obligation to pay its share of the petitioner's attorney fees in the third-party action. The parties seem to be in agreement that the following three methods are ways by which the distribution of the lien could proceed: an immediate lump-sum payment of attorney fees, periodic payment of attorneys fees and deferred payment of attorneys fees. The parties also seem to agree that Iowa Code section 85.22 does not specifically address this issue nor is there Iowa case law on point. [Ewing] has abandoned the method he argued before the agency of an immediate lump-sum payment of attorney fees and now advocates the periodic payment of attorney fees. [Allied] advocates the method of a deferred payment of attorney fees.

I. In reversing the industrial commissioner, the district court ordered Allied to pay Ewing each week an amount equal to one-third (reflecting the contingent attorney fees)

---

1. Allied Construction Services is insured by defendant Allied Group. Unless otherwise indicated they will be referred to collectively as Allied.

of the amount it would have been required to pay that week if it had not been for the third-party settlement.

■ Our review in Allied's appeal from that ruling is on error. Iowa's administrative procedure act, Iowa Code chapter 17A, governs our review. *See* Iowa Code § 86.26 (1997). We apply the standards of section 17A.19(8) to the agency's actions to determine whether our legal conclusions are the same as those reached by the district court. *Mortimer v. Fruehauf Corp.*, 502 N.W.2d 12, 14 (Iowa 1993). If our conclusions are the same, we affirm; otherwise we reverse. *Id.* We liberally construe workers' compensation statutes in favor of the worker. *Stumpff v. Second Injury Fund*, 543 N.W.2d 904, 905 (Iowa 1996).

■ II. The district court's method of exacting periodic accommodations for attorney fees has been adopted in other jurisdictions. *See Williams, McCarthy, Kinley, Rudy & Picha v. Northwestern Nat'l Ins. Group*, 750 F.2d 619, 621 (7th Cir.1984); *Zuber v. Illinois Power Co.*, 135 Ill.2d 407, 142 Ill.Dec. 871, 553 N.E.2d 385, 390 (1990); *Nekuda v. Waspi Trucking, Inc.*, 222 Neb. 806, 388 N.W.2d 438, 443 (1986); *Pendleton v. Workmen's Comp. Appeal Bd.*, 155 Pa. Cmwlth. 440, 625 A.2d 187, 194 (1993); *Bohle ex rel. Majette v. Henrico County Sch. Bd.*, 246 Va. 30, 431 S.E.2d 36, 39 (1993). These holdings are consistent with our views in *Fisher v. Keller Industries, Inc.*, 485 N.W.2d 626, 630 (Iowa 1992) (recognizing insurer's right of indemnity only "to the extent of the payment so made"). *Fisher*, in common with the cases cited from other jurisdictions, recognizes that obligations of the insurer accrue in proportion to a benefit. We think it fits within this pattern to exact a periodic accommodation for attorney fees as future payments benefit the insurer.

Allied takes exception to our *Fisher* holding, arguing for a deferred plan under which Ewing would receive nothing until he establishes he is entitled to weekly workers' compensation or medical benefits exceeding the amount of the lien.

In rejecting the deferred payment plan espoused by Allied, one court noted:

In those cases the employer makes no payment out of pocket at all in connection with the reimbursement of the expenses of a recovery from a third party. Instead, the benefit to the employer is reduced by the employer's share of expenses of the recovery, and the employer is given credit for advance payments of the lesser amount, thus reducing the time during which payments are suspended. The employer then must resume payments at an earlier date. This approach is used to reimburse the employee for the employer's share of the expenses of recovery. We decline to adopt that approach.

*Nekuda*, 388 N.W.2d at 445. We do too. We think this rejection is implied both in *Fisher*, 485 N.W.2d at 630, and in *Shirley*, 508 N.W.2d at 718. Liberally construing Iowa Code section 85.22(1) in favor of the employee, we think the district court was correct in ordering periodic payments of attorney fees to the employee.

**AFFIRMED.**