**Aurora MARIN, Appellee,**

v.

**DCS SANITATION and CRAWFORD & CO., Appellants.**

**No. 97–2119.**

Supreme Court of Iowa.

June 3, 1999.

Mark A. Woollums and Jean Dickson Feeney of Betty, Neuman & McMahon, L.L.P., Davenport, for appellants.

Barry Moraville of Moranville, Jackson & Sherinian, P.C., West Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

CARTER, Justice.

Appellants, DCS Sanitation and Crawford & Co., who were respondents, employer and workers' compensation carrier, in a proceeding before the Industrial Commissioner, appeal from a district court judgment reversing the commissioner's decision and requiring them to contribute to the attorney fees and costs incurred by claimant in obtaining a third-party recovery that benefitted respondents by reducing their past and future obligation to make workers' compensation payments. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

Claimant, Aurora Marin, is a surviving spouse of Lorenzo Marin, who was killed on February 12, 1992, in the course of his employment with respondent DCS Sanitation. As a result of Lorenzo's death, respondents began paying claimant weekly workers' compensation survivors benefits. She subsequently obtained a recovery of $484,406 from a third party for Lorenzo's wrongful death. Based on their rights of indemnification and lien rights under Iowa Code section 85.22(1) (1991), respondents sought recoupment from the third-party recovery for past workers' compensation benefits paid and a credit against future benefits. With respect to the recoupment of benefits already paid, respondents reduced their claim by a proportionate share of the costs of attorney fees incurred by plaintiff in obtaining the third-party recovery. They have refused, however, to contribute an additional sum toward claimant's costs and attorney fees based on their intended reduction of future workers' compensation benefits as a result of the third-party recovery.

The parties stipulated before the Industrial Commissioner to all of the pertinent facts. Following an expedited hearing, the deputy industrial commissioner required further contribution by respondents toward claimant's attorney fees and costs in the third-party proceeding as a result of the future reduction of workers' compensation payments due to the third-party recovery. The Industrial Commissioner reversed that decision. Claimant filed a petition for judicial review, and the district court reversed the Industrial Commissioner and ordered respondents to pay claimant an additional contribution toward her attorney fees and costs in the third-party proceeding.

In refusing to require respondents to further reimburse claimant for a proportional share of the attorney fees and costs, incurred by her in securing the third-party recovery, the Industrial Commissioner stated:

> The only amount subject to indemnification is the amount which the claimant is able, figuratively, to put in his or her own "pocket." The amount put in the claimant's own pocket has already been reduced by attorney fees and a pro rata share of costs. To hold otherwise would result in double recovery for claimant or claimant's attorney.

In challenging the district court's ruling, the respondents urge that the commissioner's conclusions concerning double recovery were well taken. Claimant on the other hand urges that the district court's decision merely provided for an equitable allocation of the costs of the third-party recovery while the commissioner's ruling grants a windfall to respondents.

We are unable to discern any double recovery that would result from granting claimant's request that respondents make an additional contribution toward her attorney fees and costs in the third-party

litigation. These attorney fees and costs have been paid once and will not be paid again. That payment has been made by claimant except for a pro rata contribution by respondents based on the amount of workers' compensation benefits recouped from the third-party recovery up to a particular point in time. Not taken into account in that calculation were the future workers' compensation obligations of which respondents will be relieved as a result of the third-party recovery.

Manifestly, if respondents are not required to contribute a proportionate share of the attorney fees and costs incurred in obtaining the portion of the third-party recovery that will be credited against their future workers' compensation obligations, the claimant will have paid a disproportionate share of those costs. That was recognized in *Ewing v. Allied Construction Services,* 592 N.W.2d 689, 690 (Iowa 1999), where this court determined that it is the obligation of the employer or insurer to contribute toward the cost of bringing the third-party action in proportion to the benefits received therefrom. The application of that rule to the present case requires that we affirm the judgment of the district court.

Although *Ewing* approved a rule in which the employer or insurance carrier's liability to contribute to the cost of the third-party recovery accrued over time as the future workers' compensation benefits were accruing, a stipulation of the parties in the present case authorized an order for a lump sum payment of an agreed amount should the claimant prevail on the merits. The district court's decision embraced that stipulation and is affirmed.

**AFFIRMED.**