**WINNEBAGO INDUSTRIES and Sentry Insurance, Appellants,**

v.

**Brenda SMITH, Appellee.**

No. 95–337.

Supreme Court of Iowa.

May 22, 1996.

Harry W. Dahl, Jr., Des Moines, for appellants.

Arthur C. Hedberg, Jr., Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

HARRIS, Justice.

The appeal in this workers' compensation case was dismissed prior to submission, leaving only a cross-appeal for our determination. The cross-appeal challenges the industrial commissioner's reversal of his earlier decision which had awarded additional healing and medical expenses. That issue had not been raised in a judicial review proceeding and was not included in the district court's order of remand. Under the circumstances we agree that the commissioner exceeded his authority in reversing the earlier award and accordingly reverse and remand.

Plaintiff Brenda Smith began work at defendant Winnebago Industries in 1984 as a paint patcher. The job involved checking fiberglass recreational vehicle parts for air bubbles. Completion of this task required repetitive motions of the hands and arms. Sometime early in 1986 Brenda began to experience swelling, numbness and tingling in her right hand and forearm. When the same symptoms appeared on her left side as well, Winnebago sent Brenda to a doctor. He determined she suffered from an accumulated injury to her upper extremities and referred her to an orthopedic surgeon. After conservative treatment failed, he performed carpal tunnel surgery on Brenda's left hand.

Brenda returned to work for Winnebago in January of 1987, but left that job the following September to attend college and work in a convenience store. This work involved stocking shelves, mopping floors, and running the cash register, all of which aggravated her condition.

Due to continued symptoms in her hands, Brenda came under the care of a second orthopedic surgeon who, over the course of seven months, performed five surgical procedures on three separate occasions. The second surgeon released Brenda from his care without restrictions in June 1988. His evaluation determined Brenda had a one percent partial impairment to each hand.

On the basis of this evaluation Winnebago voluntarily paid fifty-six weeks and two days of healing-period benefits, 3.8 weeks of permanent partial disability payments, and $14,777.71 in medical expenses. At this point Winnebago denied Brenda further medical care, assuming any further problems must be from a new injury.

Not satisfied, in March 1989 Brenda sought an independent medical evaluation pursuant to Iowa Code section 85.39 (1989). The independent evaluation, conducted by still another orthopedic surgeon, indicated cubital tunnel syndrome of Brenda's left arm and the need for further surgery to correct an ulnar nerve problem at Brenda's left elbow. The surgery was performed and the healing period was determined to be from June 5 to August 15, 1989. A functional-capacity assessment, conducted after Brenda recuperated, revealed a number of work-related abnormal physical conditions and some physical impairment.

Emboldened by this evaluation, Brenda filed a claim for additional workers' compensation benefits. In final agency action the commissioner allowed Brenda's claims for additional healing-period benefits and for medical expenses, but disallowed her claim for permanent partial disability benefits. *See* Iowa Code §§ 85.27 (medical expenses), 85.34(1) (healing-period benefits), 85.34(2)(s) (permanent partial disability benefits). The disallowance was based on a finding that Brenda did not prove her left cubital tunnel syndrome and resulting surgery caused any disability beyond the two percent permanent partial disability for which compensation was already being paid by Winnebago. Brenda sought judicial review in district court, challenging the commissioner's refusal of additional permanent partial disability benefits. Winnebago however did not challenge the ruling affirming additional medical expenses or for healing-period benefits for the latest surgery.

The district court, considering the only issue before it, found for Brenda. The court determined the industrial commissioner had not fully considered Brenda's claim for permanent partial disability benefits and remanded the case to the industrial commissioner for additional consideration of that issue. Because Winnebago had not challenged the awards of additional healing-period benefits and for medical expenses, these

issues were not made a part of the court's order of remand.

On remand the industrial commissioner, reversing his earlier ruling, awarded Brenda twenty-three percent permanent partial disability for both upper extremities. In the matter challenged in this cross-appeal, the commissioner also reversed his earlier determination that Brenda's left cubital tunnel condition was causally connected to her employment at Winnebago and revoked the awards of additional medical expenses and healing-period benefits. The district court affirmed.

 I. Brenda assigns error in the commissioner's revised order on remand. She contends it was impermissible for the commissioner to revisit and reverse his initial award of additional medical expenses and healing-period benefits for her left elbow surgery. Our review on this purely legal question is on error. Iowa R.App.P. 4; *Honeywell v. Allen Drilling Co.*, 506 N.W.2d 434, 435 (Iowa 1993).

 II. When an appellate court remands a case to a trial court for some stated further proceeding, the nature and extent of that proceeding are circumscribed. The authority of the court on remand is limited to the matters specified by the appellate court. *Kuhlmann v. Persinger*, 261 Iowa 461, 468, 154 N.W.2d 860, 864 (1967). Put another way, the trial court has no authority to act on matters outside the appellate court's mandate. *Id.* We think the same rule applies to an administrative agency. We note and approve the following:

> On remand from judicial review of its decision, a lower tribunal which had original jurisdiction of a workers' compensation case may generally take such action as justice requires as long as it does nothing inconsistent with the court's remand order. The lower tribunal must conform to any instructions contained in the reviewing court's remand order and not exceed the scope of the remand. Thus, a remand order directing the commission to make findings of fact with regard to a specified issue, and to take any new evidence relative to the issue, is not a direction to

conduct a hearing de novo, and the commission may properly limit a witness's testimony on remand to matters as to which the witness has not previously testified.

82 Am.Jur.2d *Workers Comp.* § 720 (1992); *see also Foods, Inc. v. Iowa Civil Rights Comm'n*, 318 N.W.2d 162, 165 (Iowa 1982) (trial court sits in an appellate capacity on judicial review of administrative agency action).

 The commissioner's reconsideration of his unchallenged earlier rulings was improper because the only matter before him on remand was whether Brenda proved an entitlement to benefits for permanent partial disability. The judgment of the district court approving this action must be reversed and the case remanded for entry of an order directing the commissioner to reinstate the relief originally ordered for medical expenses and healing-period benefits.

**APPEAL DISMISSED; REVERSED AND REMANDED ON CROSS–APPEAL.**