Upon the Petition of Teresa
L. FISCUS, Petitioner–
Appellant,

and

Concerning Michael B. Peterson,
Respondent–Appellee.

No. 11–1973.

Court of Appeals of Iowa.

July 11, 2012.

Michael J. Burdette of Burdette Law Firm, P.C., Clive, for appellant.

Jeffrey A. Kelso of Howe, Cunningham, Lowe & Kelso, P.L.C., Urbandale, for appellee.

Heard by VOGEL, P.J., and TABOR and BOWER, JJ.

VOGEL, P.J.

Teresa Fiscus appeals the district court's decision ordering her to pay Michael Peterson's attorney fees and all of the guardian ad litem fees when the court dismissed her petition to overcome Michael's paternity of her child, B.P. Teresa claims the district court incorrectly interpreted Iowa Code section 600B.26 (2009)[1] in awarding Michael attorney fees as the prevailing party. Teresa also claims the district court erred in ordering her to pay all of the guardian ad litem fees, as well as the attorney fees Michael incurred in the separate action to terminate the biological father's, Thomas Davis's, rights under Iowa Code chapter 600A. For the reasons stated below, we affirm the district court's assessment of guardian ad litem fees and attorney fees.

## I. BACKGROUND AND PROCEEDINGS.

Michael and Teresa were married in 1991. During their marriage, B.P. was born. Teresa went to great lengths during the marriage to deceive Michael by convincing him that B.P. was his child. However, approximately nine years after the child was born, Teresa informed Michael she had an affair with Thomas Davis around the time B.P. was conceived, and B.P. was not Michael's child.[2] The marriage eventually deteriorated and was dissolved on Teresa's petition in 2009. The divorce decree was silent with respect to the paternity of B.P. but did provide for the parties to have joint legal custody and shared physical care of *"their* minor child." (Emphasis added.) The shared physical

care arrangement did not go smoothly, and the parties eventually stipulated to a modification of the decree that provided, among other things, that all communication between Teresa and Michael be in writing.

In September of 2010, when the modification did not correct the ongoing discord between the parties, Teresa filed a petition to overcome Michael's paternity under section 600B.41A. A guardian ad litem was appointed to represent the interests of B.P. As part of his defense against the petition, and as set forth in 600B.41A(6)(a)(3), Michael filed an action to terminate the rights of the biological father, Thomas. The same guardian ad litem was appointed to represent the interests of B.P. in this action. The two cases were consolidated for trial, which occurred on September 12, 2011. The district court issued its ruling on September 21, 2011, dismissing Teresa's petition to overcome paternity, affirming the custody provisions of the dissolution decree, terminating Thomas's parental rights as the putative father, ordering Teresa and Michael to participate in joint co-parenting counseling, directing Teresa to pay Michael's reasonable attorney fees pursuant to section 600B.26, ordering Teresa to pay all of the guardian ad litem's fees, ordering Michael to pay Thomas's attorney fees pursuant to section 600A.6B(1), and requiring Teresa to pay the court costs of the entire action.

Teresa filed a motion to enlarge or amend the order asserting attorney fees are not recoverable pursuant to section 600B.26 in an action to overcome paternity under section 600B.41A. She also requested the district court partition the assess-

---

1. Iowa Code section 600B.26 provides, "In a proceeding to determine custody or visitation, or to modify a paternity, custody, or visitation order under this chapter, the court may award the prevailing party reasonable attorney fees."

2. As the district court found, no genetic testing to determine parentage had been performed; however, all parties stipulated that Michael is not B.P.'s biological father and further agree that Thomas is B.P.'s biological father.

ment of the fees of the guardian ad litem and court costs. The district court denied Teresa's requests finding that because she sought to determine or modify custody and visitation under 600B.41A(6)(b) as part of her action to overcome paternity, section 600B.26 permitted an award of reasonable attorney fees to Michael—the prevailing party. The court also denied Teresa's request to partition the fees of the guardian ad litem finding the same work was done and the same fees were incurred in the paternity and termination proceedings as the actions were intertwined. The court ordered her to pay Michael $12,360 for attorney fees incurred to defend and ultimately prevail in the petition to overcome paternity action and also ordered her to pay the guardian ad litem $3174.22 for the reasonable fees incurred in the paternity proceeding, "which will discharge Respondent Michael Peterson's obligation to pay Guardian Ad Litem fees in [the termination proceeding]." Teresa appeals this order.

## II. SCOPE OF REVIEW.

As Teresa's claims require us to engage in statutory interpretation, we review the district court's decision for correction of errors at law. *In re Marriage of Hutchinson*, 588 N.W.2d 442, 446 (Iowa 1999). To the extent Teresa challenges the district court's decision to award attorney fees, our review is for an abuse of discretion. *See Markey v. Carney*, 705 N.W.2d 13, 25 (Iowa 2005).

## III. TRIAL ATTORNEY FEES.

■ **A. Statutory Authority to Award Attorney Fees.** Teresa asserts the district court erred in awarding attorney fees as section 600B.26 does not provide authority for such an award in an action to overcome paternity under section 600B.41A. She acknowledges that section 600B.26 permits an award of attorney fees in a proceeding to determine custody or visitation or to modify a paternity, custody, or visitation order under chapter 600B. However, she asserts her action to overcome paternity did not seek to determine custody or visitation or to modify an order for paternity, custody, or visitation; and therefore, she claims there is no statutory authority for awarding Michael attorney fees.

We agree with the district court that Teresa's action did not simply seek to overcome Michael's paternity, but also sought to determine or modify the custody and visitation arrangement, which had previously been ordered under chapter 598. In Teresa's petition to overcome paternity, she noted the dissolution decree "did award [Michael] joint legal and physical custodial rights" and asserted "any rights given to [Michael] should be set aside" as Michael was not the biological father of the child. She then asked the court to "enter an Order disestablishing paternal rights of [Michael], [and] *modifying* the Decree to award sole legal and physical custody to [Teresa]." (Emphasis added.)

At the trial, when the court sought clarification of the issues to be decided, the following exchange took place:

THE COURT: Tell me again what the issue is in these proceedings.

[MICHAEL'S ATTORNEY]: The issue in these proceedings, as I understand it, was whether or not my client's paternity should be overcome and also whether or not—I guess that's the main overriding issue of this case.

THE COURT: We don't have pleadings here for change in custody?

[MICHAEL'S ATTORNEY]: No, Your Honor.

[TERESA'S ATTORNEY]: Well, I would disagree with that, Your Honor.

THE COURT: I was looking for them in the file.

[TERESA'S ATTORNEY]: Well if the Court looks at the statute, the statute does provide that the Court is to consider an order pertaining to child support and custody, if the Court determines that the paternity of [Michael] is not overcome, but that there should be basically a modification at this point of the custody, visitation, and child support matters in this case.

. . . .

[TERESA'S ATTORNEY]: Well, Your Honor, I understand, but I ask the Court to refer to Section 600B.41A section 6(a)—I'm sorry—section 6(b) states: "If the court dismisses the action to overcome paternity and preserves the paternity determination under this subsection, the court shall enter an order establishing that the parent-child relationship exists between the established father and the child, and including establishment of support obligation pursuant to section 598.21B and provision of custody and visitation pursuant to section 598.41."

It's our position that if this Court—it is our initial position, of course, that the Court should enter an order overcoming paternity. But if the Court declines to do that and enters an order establishing or continuing the child-parent relationship, then it's our position that the Court has to address those other issues.

Therefore, in addition to making the request to modify custody in the petition, Teresa's attorney specifically requested at trial for the court to issue an order establishing custody and visitation in the event the court preserved Michael's paternity. The district court in its order dismissing Teresa's petition to overcome paternity stated: "However, for the purposes of this ruling, the Court accepts Teresa's position that Section 600B.41A(6)(b) provides for a *de novo* establishment of support, custody and visitation pursuant to chapter 598. It is in this context that Teresa seeks modification of the existing decree." Teresa did not appeal this conclusion of the district court. The district court further clarified its position in its ruling on Teresa's motion to enlarge or amend, stating:

While [Teresa] may now claim she was not really seeking a modification of a custody or visitation order, there can be no question that she sought a custody or visitation determination under Iowa Code section 600B.41A(6)(b). . . . Perhaps the Court erred in not considering a new child support order, but the court did agree with [Teresa's] argument that a custody and visitation determination order should be made without proof of a change in circumstances under section 600B.41A(6)(b).

Whether this action is characterized as a modification of custody as alleged in [Teresa's] pleadings or a de novo custody determination as is now alleged by Teresa, the court is well within its authority under Iowa Code section 600B.26 to require [Teresa] to pay [Michael's] attorney fees.

On appeal Teresa seeks to avoid paying Michael's attorney fees by asserting her petition to overcome paternity was not seeking to determine or modify custody or visitation under chapter 600B. This position is clearly contrary to her petition and contrary to her attorney's representations to the court at trial. She employed the statutory vehicle of chapter 600B for a dual purpose—attempting to overcome Michael's paternity under section 600B.41A, but if unsuccessful, to then utilize section 600B.41 A(6)(b) to modify "custody, visitation and child support" provisions of the prior dissolution decree entered under Chapter 598. We conclude the district

court properly ordered Teresa to pay Michael's reasonable attorney fees pursuant to section 600B.26, as he was the prevailing party in a proceeding instituted by Teresa, "to determine custody, or visitation, or to modify a paternity, custody, or visitation order under this chapter."[3]

■ **B. Amount of Attorney Fees Awarded.** Teresa next asserts the district court erred in ordering her to pay the attorney fees Michael incurred in the action he filed to terminate Thomas's parental rights under 600A. We begin by noting although tried in a consolidated hearing, the cases filed under 600A and 600B retained their separate docket numbers. The district court's ruling on the motion to enlarge or amend specifically stated Teresa is to pay Michael $12,360 for reasonable attorney fees incurred in the action to overcome Michael's paternity, "DRCV–42052." Nowhere did the district court order Teresa to pay Michael's attorney fees incurred in prosecuting the termination of parental rights case against Thomas, "JV–229938." That being said, we also agree with the district court's conclusion that the termination case against Thomas was filed by Michael only because he was required to do so under the statute in order to preserve his own parental rights.

Iowa Code section 600B.41A(6)(a) permits the court to dismiss the action to overcome paternity and preserve the paternity of the established father only if (1) the established father requests paternity be preserved; (2) it is in the best interests of the child to preserve paternity; and (3) the biological father is a party to the action and does not object to the termination of his rights, "*or the established father petitions the court for termination of the biological father's parental rights and the court grants the petition pursuant to chapter 600A.*" (Emphasis added.) As Thomas was not a party to the petition to overcome paternity and did not consent to the termination of his parental rights, the only way for Michael to defend against Teresa's petition and preserve his paternity was to petition the court to terminate Thomas's rights under chapter 600A.

For her action, Teresa set in motion a statutory domino effect that gave Michael two choices: give up his rights to the child he knew as his own or defend under the statute by petitioning to terminate Thomas's parental rights under section 600A. Therefore, the attorney fees Michael incurred in securing termination of Thomas's parental rights were only incurred as a necessary response to Teresa's petition to overcome paternity. In the event the attorney fees from the termination action are part of the $12,360 figure the district court ordered Teresa to pay, the district court did not abuse its discretion in ordering Teresa to pay these fees.[4] *See Markey,* 705 N.W.2d at 25 ("[T]he decision to award attorney fees rests within the sound discretion of the court, and we will not disturb its decision absent a finding of abuse of discretion.").

## IV. GUARDIAN AD LITEM FEES.

■ In the same vein, Teresa claims the district court abused its discretion in or-

3. Although not articulated as a basis of the district court ruling, we note Iowa Code section 598.36 also provides for attorney fees, "In a proceeding for the modification of an order or decree under this chapter the court may award attorney fees to the prevailing party in an amount deemed reasonable by the court."

4. In addition to ordering Teresa to pay $12,360 of Michael's attorney fees, the district court also ordered Michael to pay Thomas's court-appointed attorney fees in the amount of $5,501.38 under section 600A.6B(1). This order was not appealed.

dering her to pay all of the guardian ad litem fees.[5] Under section 600B.41A(8), "[T]he fee of the guardian ad litem, and all court costs shall be paid by the person bringing the action to overcome paternity." The district court found Michael had no choice but to petition for termination of Thomas's paternal rights as a direct result of Teresa's action to overcome Michael's paternity. The same guardian ad litem was appointed for the child in both actions, and the court found the same work was done and the same fees were incurred in both actions as the actions were intertwined and all the operative facts were the same.

As the district court found, Teresa's action to overcome Michael's paternity, "touched off all of the litigation in this matter." To defend against her petition, Michael was forced to terminate Thomas's parental rights to preserve his own status as the child's father. Both actions required the appointment of a guardian ad litem, and in determining what was in the child's best interest, the guardian ad litem was required to investigate all aspects of the child's life including his relationship with both Michael and Thomas. We therefore find no abuse of discretion in the court assessing all of the guardian ad litem's fees to Teresa.

## V. APPELLATE ATTORNEY FEES.

Michael and Teresa both request appellate attorney fees in this action. "An award of appellate attorney fees is within the discretion of the appellate court." *Markey*, 705 N.W.2d at 26. We consider "the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal." *Id.* In this case, while we have little evidence of the parties' financial condition, we find an award of attorney fees is warranted in favor of Michael as he was required to defend the district court's decision on appeal. We therefore award Michael $1000 in appellate attorney fees.

**AFFIRMED.**

---

5.  We question whether Teresa has preserved error on this issue, but nonetheless choose to address it as part of the overall resolution of the propriety of the fees the district court ordered the parties to pay.