# IN THE COURT OF APPEALS OF IOWA

No. 13-1362
Filed July 30, 2014

**CORY MARUNA,**
        Petitioner-Appellee,

**vs.**

**SAMANTHA E. PETERS and
KIMBERLY R. ORADE HARPER,**
        Respondents-Appellants.
_____

**IN THE MATTER OF THE GUARDIANSHIP
OF JACQUELINE RAELENE HARPER, Ward**

**KIMBERLY R. ORADE HARPER,**
        Guardian-Appellant.
_____

        Appeal from the Iowa District Court for Clayton County, John J. Bauercamper (attorney fees and costs order) and Richard D. Stochl (visitation order), Judges.


        A guardian and the biological mother appeal the district court's orders setting visitation between the biological father and the ward and denying their motion to tax costs to the biological father. **AFFIRMED.**

        Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant Harper.

        Samantha E. Peters, McGregor, appellant pro se.

        Jeffrey E. Clements, West Union, for appellee.

        Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**MULLINS, J.**

In this consolidated appeal, guardian and maternal grandmother, Kimberly Harper (formerly known as Kimberly Orade), and Samantha Peters, the mother of the ward, appeal two rulings of the district court. Specifically, they challenge the district court's decision setting a visitation schedule between the ward, born in 2005, and the ward's biological father, Cory Maruna. They claim the schedule set by the court, which did not specifically articulate time for Peters, was not in the ward's best interests. They also appeal the district court's denial of their motion to tax costs to Maruna from a previous custody action and appeal. Because we find the visitation schedule set by the district court to be in the ward's best interests and conclude the court did not abuse its discretion in denying the motion to tax costs, we affirm the district court's decisions.

## I.  Background Facts and Proceedings.

The underlying facts of this case are adequately set forth in a previous opinion of our court, and we need not repeat them here. *Maruna v. Peters*, No. 12-0759, 2013 WL 988716, at *1 (Iowa Ct. App. Mar. 13, 2013). Following our opinion, reversing and remanding the district court's decision to terminate the guardianship, the guardian, Harper, along with Peters, filed a motion to tax costs again Maruna. They sought to recover the cost of the preparation of the transcript from the prior trial, the guardian ad litem fees from the prior action that had been assessed to them under Iowa Code section 625.14 (2013), and the attorney fees and expenses they incurred in the prior action pursuant to Iowa Code section 598B.312. After an unreported hearing, the court granted the

request to tax the costs of the preparation of the trial transcript to Maruna, but it denied the request to assess the guardian ad litem fees to Maruna, finding these fees were ordered to be split between the parties by a separate order and no appeal was taken from that order, nor did our court address the issue in the preceding appeal. The court also denied the request to assess attorney fees and expenses to Maruna, concluding no pleading from Harper or Peters requested the attorney fees, the trial court order provided each party should pay their own fees, and our court's previous opinion did not address the issue.

Harper also filed a motion to establish a visitation schedule with the ward's biological parents—Peters and Maruna. Harper asserted it was in the best interests of the ward for a schedule to be established to provide all parties with certainty. In addition, she claimed that Peters, Harper's daughter, was no longer living with her and the ward, and thus, a specified schedule for visitation was now needed. Harper requested the visitation order should provide Peters and Maruna with equal visitation.

After a reported hearing, where the court heard the testimony of all parties involved, the district court established a visitation schedule for Maruna of every other weekend from after school on Friday until Sunday evening, four weeks during the summer, and every other holiday. The court found there was clear animosity between Harper and Maruna and in the past Harper would limit the ward's time with Maruna because of Harper's dislike, not due to any issue involving the best interests of the ward. The court found a specific order outlining visitation for Maruna was needed to assure the ward will spend quality time with

her father because visitation would not be facilitated by Harper without a court mandate. The court did not specifically set a visitation schedule for Peters, stating it viewed Peters and Harper as one and the same party in terms of parenting time with the ward. It found there was no indication Harper had ever limited the ward's time with Peters or ever would. The court concluded that if and when Harper restricts the ward's time with Peters, then the court can intercede.

Harper and Peters now appeal.

## II. Scope and Standards of Review.

Our review of district court's decision establishing a visitation schedule in a guardianship case is de novo inasmuch as it was heard in equity at the district court. *In re Guardianship & Conservatorship of Ankeney*, 360 N.W.2d 733, 738 (Iowa 1985); *see also* Iowa Code § 633.33 (noting actions to appoint a guardian or conservator are triable as law actions but all other matters triable in probate court are heard in equity). We give deference to the factual findings of the district court, especially its assessment of credibility, though we are not bound by those findings. Iowa R. App. P. 6.904(3)(g).

A trial court's decision regarding the award of costs or attorney fees is reviewed for abuse of discretion.[1] *See Markey v. Carney*, 705 N.W.2d 13, 25 (Iowa 2005) (applying Iowa Code section 600B.25(1)). The decision to award

---

[1] Harper claims our review is de novo and cites *In re Estate of Bockwoldt*, 814 N.W.2d 215, 221–22 (Iowa 2012), in support of this proposition. We note the *Bockwoldt* case dealt with the district court's award of extraordinary attorney fees in connection with the resolution of an estate under Iowa Code chapter 633. 814 N.W.2d at 218. The *Bockwoldt* case did not deal with the award of attorney fees related to an action to terminate a guardianship or an action to obtain custody of a child born out of wedlock. We therefore find the *Bockwoldt* statement regarding the standard of review inapplicable in this case.

attorney fees rests in the district court's sound discretion, and we will not disturb it on appeal absent a finding of the abuse of that discretion. *Id.*

## III. Visitation.

Harper and Peters assert on appeal the ward's best interests are not served by the visitation schedule set by the district court. They claim by awarding "liberal visitation" to Maruna but no visitation rights to Peters, the court ignored the ward's interest in having substantial and equal contact with both her biological parents and her guardian—the person the ward has known as her mom since birth. Harper claims that if she gives visitation voluntarily to Peters equal to what the court ordered for Maruna, she would be left with no weekends, holidays, or any substantial summer time with the ward. She claims this is not in the ward's best interests.

Harper and Peters claim the court ignored the evidence that Peters does not see the ward on a regular basis, Peters started a new job working second shift, precluding evening visitation and leaving only weekends available during the school year, and Peters plans to move approximately twenty minutes away in the near future, where she had previously lived just a few blocks away from the ward. They also claim the district court ignored the opinion of the ward's treating therapist who provided a report to the court stating the ward expressed a desire to spend no more than one night at Maruna's home because she misses the guardian.

Harper asserts her proposed visitation schedule is in the ward's best interests as it gives the ward equal visitation time with both biological parents as

well as providing ample time with her, as the ward's guardian. The proposed schedule asked the court for an order providing Maruna and Peters one weekend overnight every other weekend, splitting the holidays among the three parties, and providing for no extended summer vacation except to Harper.

At the conclusion of the hearing, the court stated on the record that it had reviewed the file and found "anything [the guardian] can do to prevent [Maruna] from spending time with his daughter, [the guardian is] going to do. That's obvious. And I'm not going to allow that to happen." It concluded the guardian's proposed schedule was not in the ward's best interest: "[O]ne day every two weeks is not enough time."

The district court found it necessary to specifically outline a visitation schedule for Maruna due to the conflict that existed in the past between Harper and Maruna. In fact our review of the court record notes three different district court judges since March 2011 have indicated that Harper has withheld or limited visitation time between the ward and Maruna for no legitimate reason. To the contrary, there has never been any indication that Harper has likewise attempted to curtail or limit the visitation time Peters has with the ward. The district court thus concluded no specific visitation schedule for Peters is necessary as Peters has been allowed to see the ward whenever she desired. If such problems occur in the future, Peters can petition the court for a specific visitation schedule.

Harper and Peters fault the district court for ignoring the opinion of the ward's treating therapist, whose report states the ward wants to spend no more than one night at Maruna's home because she misses Harper. We note Maruna

was permitted alternating weekends with the ward in September 2011, consisting of two overnights. These alternating, two-night weekends continued until the supreme court denied further review of the prior appeal in May 2013—some twenty months. There is no indication that the ward had difficulty with this arrangement as alleged by Harper. In addition, under Harper's proposed visitation schedule, the ward would spend two overnights way from Harper every other weekend—one night with Maruna and one night with Peters. If the ward was having difficulty spending two nights away from Harper, as the therapist contends, this arrangement would not be any less traumatizing to the ward.

Harper's claim that she would be left with no weekend, holiday, or summer time with the ward under the court ordered visitation schedule, is unpersuasive. The court did not order a specific schedule for Peters, thus any visitation that occurs between the ward and Peters is accomplished by agreement between Peters and Harper. They are free to arrange visits that are mutually advantageous considering the schedules of the ward and the parties. As we stated earlier, in the event Peters finds Harper is not providing adequate visitation with the ward, she can seek an order from the court to set a schedule.

Because we agree with the district court that the visitation set for Maruna is in the best interest of the ward and no such set schedule needs to be established at this time for Peters, we affirm the decision of the district court.

## IV. Attorney Fees and Costs.

The right to recover attorney fees does not exist at common law, and fees are not to be allowed absent "a statute or agreement expressly authorizing it."

*Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 182 (Iowa 2010). Harper and Peters claim Iowa Code section 598B.312[2] authorizes, in fact demands, the award of attorney fees to them for the action Maruna brought seeking custody of the ward. They claim Maruna filed his action under Iowa Code chapter 598B, and because they became the prevailing party following the prior appeal, the district court should have awarded them attorney fees and costs.

Section 598B.312 is contained within the enforcement article of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). While Harper and Peters claim Maruna's custody petition was filed under chapter 598B, the action did not seek to register or enforce a custody order issued by the court of another state or another jurisdiction. *See* Iowa Code §§ 598B.303, .305, .306. It was an original petition to obtain custody of his minor child, who had been subject to a voluntary guardianship, which he also sought to terminate. *See* Iowa Code § 600B.40 (stating if a judgment of paternity has been entered, a father of a child born out of wedlock may petition in equity for rights of visitation and custody); § 633.675 (setting out the grounds for terminating a guardianship). Because neither the issue of the jurisdiction of the Iowa court, nor the enforceability of a prior custody determination of another jurisdiction under the UCCJEA was an issue in this case, we conclude section 598B.312 does not

---

[2] Iowa Code section 598B.312(1) provides:

> The court shall award the prevailing party, including a state, necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorney fees, investigative fees, expenses for witnesses, travel expenses, and child care expenses during the course of the proceedings, unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate.

apply.[3] We thus conclude the district court did not abuse its discretion in denying Harper and Peters's motion to tax the guardian ad litem fees and their attorney fees to Maruna under this code section.[4]

However, even if we conclude Harper and Peters have statutory authority to seek an award of attorney fees, such an award is within the district court's discretion. In the district court's previous decision terminating the guardianship and establishing physical care of the ward with Maruna, the court ordered each party to pay their own attorney fees and assessed the costs in the guardianship case to Harper and the costs in the custody case to Peters. Both Harper and Peters appealed the court's ruling, asserting the guardianship should remain in place, but neither party appealed the attorney fee ruling or cost assessment, nor did they seek an award of appellate attorney fees. *See Bankers Trust Co. v.*

---

[3] In support of their argument section 598B.312 applies in this case, Harper and Peters cite an unpublished case from our court, *In re Marriage of Pereault*, No. 12-1178, 2013 WL 750439, at *4-5 (Iowa Ct. App. Feb. 27, 2013). We conclude *Pereault* offers no support for Harper and Peters's claim. *Pereault* involved a mother filing a custody petition in Iowa after the father petitioned for custody in the State of Washington. 2013 WL 750439, at *1-2. The father defended the Iowa action by filing a motion to dismiss asserting Iowa did not have jurisdiction of the case under Iowa Code chapter 598B. *Id.* at *2. The district court agreed and dismissed the action, and the mother appealed. *Id.* at *2-3. After affirming the decision of the district court, we awarded the father both trial and appellate attorney fees under section 598B.312. *Id.* at *4-5. Because chapter 598B was directly implicated by the father's motion to dismiss the Iowa action for lack of jurisdiction, section 598B.312 was applicable. Neither the jurisdiction of the Iowa court nor the enforcement of a custody determination made by a jurisdiction other than Iowa was at issue in this case, as it was in *Pereault*. Thus, *Pereault* offers no support for Harper and Peters's claim that attorney fees should be awarded to them in this case under section 598B.312.

[4] While Harper and Peters do not assert their right to attorney fees and guardian ad litem fees under any other statute, we do note another code section, authorizing the assessment of attorney fees to a prevailing party, is applicable in this case. Iowa Code section 600B.26 provides that a court may award the prevailing party reasonable attorney fees in an action to determine or modify custody or visitation under this chapter. Because we conclude Maruna's custody petition was filed under section 600B.40, section 600B.26 permitted the district court to assess attorney fees.

*Woltz*, 326 N.W.2d 274, 278 (Iowa 1982) (holding a statute authorizing the award of attorney fees in the trial court also justifies awarding attorney fees on appeal). Following the filing of the notice of appeal, the district court issued a separate order stating the fees for the guardian ad litem would be divided one-half to Maruna and one-half to Harper and Peters, jointly and severally. No appeal was taken from this order.

Following the appeal, our court reversed the district court's termination of the guardianship and remanded the case directing the district court to dismiss Maruna's custody and termination petitions. *Maruna*, 2013 WL 988716, at *4. "When an appellate court remands a case to a trial court for some stated further proceeding, the nature and extent of that proceeding are circumscribed. The authority of the court on remand is limited to the matters specified by the appellate court." *Winnebago Indus. v. Smith*, 548 N.W.2d 582, 584 (Iowa 1996). "[T]he trial court has no authority to act on matters outside the appellate court's mandate." *Id.*

Our court did not direct, nor was it asked to direct, the district court to consider whether attorney fees should be awarded to Harper or Peters or whether the assessment of the guardian ad litem fees should be reconsidered in light of the outcome on appeal. Harper and Peters did not appeal the district court's orders on these issues when they had the chance in the prior appeal, and our court did not direct the district court to consider the issues in our remand order. We therefore find the district court did not abuse its discretion in declining to order Maruna to pay Harper's and Peters's attorney fees or reconsider its

assessment of the guardian ad litem fees following our remand.  The fact Harper and Peters were not yet the prevailing party until such time as our prior appeal decision was filed has no bearing on the obligation of a party to appeal an adverse decision of the district court if they want that decision to be modified.

**V.  Appellate Attorney Fees.**

Maruna requests an award of appellate attorney fees.  Harper and Peters claim Maruna has no statutory right to attorney fees on appeal.  As we stated earlier, when a statute authorizes the award of attorney fees in the trial court, it also justifies an award of attorney fees on appeal.  *See Bankers Trust*, 326 N.W.2d at 278.  Under section 600B.26, attorney fees may be awarded in a case such as this.

The decision to award appellate attorney fees rest in our discretion, and we will consider "the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal."  *In re Fiscus*, 819 N.W.2d 420, 425 (Iowa 2012).  After considering these factors, we conclude Maruna is entitled to an award of $1000 in appellate attorney fees as he was obligated to defend the district court's decision.  Harper and Peters shall be jointly and severally liable to pay this amount.

**VI.  Conclusion.**

Because we conclude the visitation schedule set by the district court was in the ward's best interest and find the court did not abuse its discretion in

denying Harper and Peters's motion to tax costs, we affirm the decisions of the district court.

Costs on appeal are assessed against Harper and Peters, jointly and severally.

**AFFIRMED.**