# IN THE COURT OF APPEALS OF IOWA

No. 17-1496
Filed March 21, 2018

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**DORIEN DONTAE TYRONE LEMON,**
       Defendant-Appellant.

_____

       Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter,

Judge.

       Dorien Lemon appeals following a remand and resentencing.  **AFFIRMED.**

       Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

       Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.

       Considered by Vogel, P.J., Potterfield, J., and Scott, S.J.*

       *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**VOGEL, Presiding Judge.**

This is the second appeal concerning Lemon's sentences, following his guilty pleas for burglary in the third degree, in violation of Iowa Code section 713A.6A(1), and assault with intent to commit sexual abuse, in violation of Iowa Code section 709.11(3) (2016). Initially, the district court rejected the parties' sentencing recommendation of suspended concurrent sentences with probation and placement at a residential correctional facility and sentenced Lemon to "a five-year term and a two-year term of incarceration on the convictions and ordered the sentences to run consecutively." *State v. Lemon*, No. 16-1807, 2017 WL 2461753, at *1 (Iowa Ct. App. June 7, 2017). Lemon appealed the sentence, claiming the district court (1) abused its discretion by imposing, rather than suspending, the prison term and (2) did not provide reasons for running the sentences consecutively. We affirmed the convictions, but vacated the sentencing order in part "and remand[ed] for resentencing on the issue of whether the sentences should run concurrently or consecutively." *Id.* at *2.

At the resentencing hearing, Lemon, himself, asked the court for a deferred judgment. Lemon's counsel followed by asking the court to consider following the plea agreement or imposing concurrent, rather than consecutive, sentences. The district court ultimately concluded:

> . . . So I've considered the PSI recommendation, I've considered his criminal history, which is pretty substantial, especially for his age, I've considered the fact that he was on probation, and I've considered the fact that while on probation, he committed two serious criminal offenses, two separate dates, two completely separate incidents with different—different sets of facts, different victims, and all of those things are the reason that I imposed a prison sentence instead of probation, all of those things are the reason why I believe the sentence should run consecutive instead of concurrent.

Lemon now appeals arguing his counsel was ineffective for failing to object during the State's argument at the resentencing hearing. Lemon contends the State deviated from the plea agreement. We review the post-remand actions of the district court in carrying out a mandate of an appellate court for legal error. *Winnebago Indus. v. Smith*, 548 N.W.2d 582, 584 (Iowa 1996). To the extent Lemon alleges ineffective assistance of counsel, a constitutional claim, our review is de novo. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

The trial court has no authority on remand to do anything except to proceed in accordance with directions given to it by an appellate court. *In re Marriage of Davis*, 608 N.W.2d 766, 769 (Iowa 2000). "Any action contrary to or beyond the scope of the mandate is null and void." *State v. O'Shea*, 634 N.W.2d 150, 158 (Iowa Ct. App. 2001). Here, the remand to the district court for partial resentencing was for the sole and limited purpose of determining whether the sentences should run concurrently or consecutively.[1] While the parties dove into some of the original sentencing options, the district court understood it was entirely without authority to consider issues that were outside the scope of the remand. The district court reiterated why it imposed the original sentence and then followed the remand order by explaining why the sentences were to run consecutively. Lemon's counsel had no duty to object to stray arguments when the district court followed its directive

---

[1] *See State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016) (encouraging "sentencing courts to give more detailed reasons for a sentence specific to the individual defendant and crimes and to expressly refer to any applicable statutory presumption or mandate. Sentencing courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration").

on remand.  Accordingly, we affirm Lemon's sentences without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

**AFFIRMED.**