# IN THE COURT OF APPEALS OF IOWA

No. 21-0124
Filed November 23, 2021

**AARON C. SCHNEIDER,**
Petitioner-Appellant,

**vs.**

**SARAH A. SCHNEIDER,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller,

Judge.

Aaron Schneider appeals from the district court's denial of his petition to

modify visitation. **AFFIRMED AND REMANDED**.

Abigail L. Brown of Leff Law Firm, L.L.P., Iowa City, for appellant.

Alison Werner Smith of Hayek, Moreland, Smith & Bergus, L.L.P., Iowa City,

for appellee.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

Sarah and Aaron Schneider divorced in 2013. At the time, they had no children. After they divorced, the parties conceived a child, who was born in 2014. Aaron filed an action to establish custody and address related issues. The parties agreed to settlement terms that were incorporated into a stipulated decree filed in 2016. Under that decree, the child was placed in the joint legal custody of both parents, with Sarah having physical care subject to Aaron's visitation rights.

In 2018, Aaron filed a petition seeking modification of the decree to place the child in the shared physical care of both parents or, alternatively, to grant Aaron more visitation. The parties settled this modification action, leading to the filing of a stipulated modification decree that kept the child in Sarah's physical care while increasing Aaron's visitation time. Aaron's increased visitation time included: (1) alternating weekends from Friday night to Sunday night; (2) overnight every Tuesday night; (3) holidays and birthdays on a schedule split between the parents; (4) one-half of spring and Christmas breaks; (5) four weeks of annual vacation time; and (6) unspecified phone or videoconference time.

A little over eight months after the 2018 modification decree was entered, Aaron filed another petition for modification, again seeking shared physical care or, alternatively, further increases in his visitation time. This time, the parties could not reach a settlement, so a trial was held.

At trial, Aaron focused on several purported changes in circumstances since the 2018 stipulated modification decree was filed. He claims the bond between him, the child, and his family has strengthened; he has even more stability now that he has married the person he had only been dating when he entered into the

2018 stipulation; he has moved from renting an apartment to owning a home; he has attained his doctorate degree and obtained full-time employment; and the parties' communication difficulties show an inability to co-parent that warrants a change to shared physical care.

Following trial, the district court found there were no changed circumstances warranting modification of physical care or visitation. The district court also increased Aaron's child support obligation and ordered Aaron to pay $12,868.00 of Sarah's trial attorney fees. Aaron appeals, claiming the district court improperly denied increasing Aaron's visitation time and abused its discretion in ordering Aaron to pay $12,868.00 of Sarah's trial attorney fees. Both parties make a claim for appellate attorney fees.

## I.  Standards of Review

As visitation modification proceedings are heard in equity, our review is de novo. *Christy v. Lenz*, 878 N.W.2d 461, 464 (Iowa Ct. App. 2016). With de novo review, we give weight to the district court's factual findings, especially as to witness credibility, but we are not bound by them. *Id.*

We review the district court's award of trial attorney fees for abuse of discretion. *In re Petition of Fiscus*, 819 N.W.2d 420, 424 (Iowa Ct. App. 2012).

## II.  Discussion of the Merits

We separately address the issues raised by the parties.

### A.  Modification of Visitation

In comparison to the change of circumstances needed to modify physical care provisions of a decree, a much less extensive change in circumstances is generally required to modify visitation. *In re Marriage of Brown*, 778 N.W.2d 47,

51 (Iowa Ct. App. 2009). A parent seeking to modify visitation must establish by a preponderance of the evidence that there has been a material change in circumstances since the latest decree and that the requested change is in the child's best interests. *In re Marriage of Salmon*, 519 N.W.2d 94, 95–96 (Iowa Ct. App. 1994). The parent seeking modification of visitation is not required to show a substantial change in circumstances, as would be required if the parent were seeking modification of physical care. *Nicolou v. Clements*, 516 N.W.2d 905, 909 (Iowa Ct. App. 1994).

Following our de novo review, we agree with the district court that Aaron failed to meet his burden of showing a material change in circumstances not within the court's contemplation at the time of the 2018 modification. This modification was filed just eight months after the 2018 stipulation was approved. Aaron asserts largely the same purported changes in this modification petition as he asserted in the petition he filed to start the 2018 proceeding. These alleged "changes" include his academic progress; his housing situation; his relationship with his significant other (now wife); a strengthened bond between the child, Aaron, and his family; and Sarah's alleged inflexibility and unwillingness to co-parent. Asserting largely the same reasons for a modification in both petitions supports the conclusion there is in fact no change in circumstances. Further, none of these circumstances relied on by Aaron were outside the court's contemplation just eight months earlier. As the district court accurately noted, it was not unforeseen that Aaron would finish his studies, remain in stable housing, marry his long-time girlfriend, or continue to develop a bond with the child. Finally, the fact the parties experienced communication problems since the 2018 modification decree was entered does

not establish a material change in circumstances considering the evidence showing those problems also existed before, especially when the nature of Aaron's communications contributes significantly to the problems.[1]

Accordingly, we affirm the district court's denial of Aaron's request for more visitation.

## B.     Trial Attorney Fees

As Sarah was the prevailing party at the district court, the district court had the authority to order Aaron to pay her reasonable attorney fees. *See* Iowa Code § 600B.26 ("In a proceeding . . . to modify a . . . custody[] or visitation order under this chapter, the court may award the prevailing party reasonable attorney fees."). The district court has considerable discretion in awarding attorney fees. *Bowlin v. Swim*, No. 19-1021, 2020 WL 2988537, at *9 (Iowa Ct. App. June 3, 2020). Whether fees should be awarded depends on the parties' respective ability to pay. *Id.* The fees awarded must be fair and reasonable. *Id.*

---

[1] Aaron seeks to portray the communication issues between the parties as Sarah interfering with his rights as a joint legal custodian. In doing so, he relies extensively on this author's concurring opinion in *In re Marriage of Rigdon* to assert such interference warrants the requested increase in his visitation. *See* No. 19-1497, 2020 WL 7868234, at *1–2 (Iowa Ct. App. Dec. 16, 2020) (Ahlers, J., specially concurring). The focus of the special concurrence in *Rigdon* is on what procedures are acceptable to resolve a bona fide dispute between joint legal custodians over one of the five joint-legal-custodian issues stated in Iowa Code section 598.1(3) (2019) (i.e., legal status, medical care, education, extracurricular activities, and religious instruction). *Id.* Here, Aaron does not seek the court's help to resolve a disagreement over any of those five issues—indeed, it is not clear that there even is a disagreement over the decisions ultimately made on any of those issues. Rather, he seeks to use his claim that Sarah did not consult him on the issues as a tool to leverage a change in visitation. Given these differences between the concepts addressed in the *Rigdon* special concurrence and Aaron's attempted use of them here, we find the concepts embodied in that special concurrence inapposite to the issue at hand.

Sarah claimed $17,158.50 of attorney fees. The district court ordered Aaron to pay $12,868.00 of Sarah's fees. On appeal, Aaron contends this was an abuse of discretion because he does not have the reasonable ability to pay the fees and the district court never "directly found" Aaron had the ability to pay. We disagree. The district court had at its disposal evidence of the parties' financial situation as well as current income information. In determining its fee award, the district court noted the fees Sarah incurred were "reasonable and the services rendered were necessary." The court also noted it had balanced "the parties' respective incomes and the fact that Sarah is the prevailing party." Given the parties' respective incomes, the reasonable and necessary nature of Sarah's claimed fees, and the fact Sarah was the prevailing party, we find no abuse of discretion in the district court's fee award to Sarah. We affirm on this issue.

### C.   Appellate Attorney Fees

Each party requests an award of appellate attorney fees against the other party. Iowa Code section 600B.26 permits an award of appellate attorney fees to the prevailing party. *McCullough v. Cornette*, No. 20-1211, 2021 WL 1399746, at *3 (Iowa Ct. App. Apr. 14, 2021). An award of appellate attorney fees is not a matter of right. *Id.* Instead, it rests in our discretion. *Id.* "In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *Id.* (quoting *In re Marriage of Hoffman*, 891 N.W.2d 849, 853 (Iowa Ct. App. 2016)).

As Aaron is not the prevailing party, there is no statutory authority to award him fees. As a result, his request for appellate attorney fees is denied.

As Sarah is the prevailing party on appeal, she is eligible for an award of appellate attorney fees. After considering Sarah's needs, Aaron's ability to pay, and the fact Sarah was obligated to defend the decision of the district court on appeal, we determine Aaron should be ordered to pay Sarah's appellate attorney fees in some amount. As we do not have an affidavit or other evidence of Sarah's appellate attorney fees available to us, remand is necessary to determine the amount Aaron should pay. *See Wendt v. Peterson*, No. 20-0060, 2020 WL 4814153, at *4 (Iowa Ct. App. Aug. 19, 2020). On remand, the district court shall determine the reasonable amount of Sarah's appellate attorney fees and order Aaron to pay an appropriate amount of those reasonable fees after considering Sarah's need, Aaron's ability to pay, and Sarah's obligation to defend the district court's decision on appeal.

## III. Conclusion

We affirm the district court's ruling in its entirety. We reject Aaron's claim for appellate attorney fees. We grant Sarah's request for appellate attorney fees and remand to the district court to determine an appropriate amount to order Aaron to pay. Costs of appeal are assessed to Aaron.

**AFFIRMED AND REMANDED.**